IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY INVESTMENTS LIFE INSURANCE COMPANY )<br><br>Plaintiff, )<br><br>vs. )<br><br>DENISE SQUIRE, SHANA MAJMUDAR, and )<br>JOE VACCARO, )<br><br>Defendants. ) | FILED: MAY 4, 2009<br>09CV2704<br>JUDGE DER-YEGHIAYAN<br>MAGISTRATE JUDGE DENLOW<br>AO<br><br>Case No. _____ |

_____

**COMPLAINT FOR DECLARATORY RELIEF UNDER 28 USC § 2201**
_____

NOW COMES Plaintiff, FIDELITY INVESTMENTS LIFE INSURANCE COMPANY ("FILI"), by and through its attorneys, LOCKE LORD BISSELL & LIDDELL LLP, and, pursuant to 28 U.S.C. § 2201, as its Complaint For Declaratory Judgment against Defendants Denise Squire, Shana Majmudar, and Joe Vaccaro, states as follows:

**NATURE OF ACTION**

1.  This is an action for declaratory judgment by FILI pursuant to 28 U.S.C. § 2201 which requests that the Court resolve the dispute as to whether Denise Squire is entitled to $5 million in benefits under life insurance Policy No. TL000-5560 (the "Policy") which insured Ari Squire, deceased. Additionally, to the extent the Court determines that Denise Squire is not entitled to the benefits under the Policy, FILI requests that the Court resolve the remaining competing claims, if any, to benefits under the Policy.

**PARTIES**

2. Plaintiff FILI is an insurance company organized under the laws of the State of Utah having its principle place of business in Boston, Massachusetts. Accordingly, for diversity jurisdiction purposes, FILI is a citizen of both the State of Utah and the State of Massachusetts.

3. Upon information and belief, Defendant Squire is or was at all relevant times a resident of Lake Barrington, Illinois and is therefore a citizen of the State of Illinois. Squire is the insured Ari Squire's wife and was designated as a "Primary Beneficiary" under the Policy.

4. Upon information and belief, Defendant Majmudar is or was at all relevant times a resident of Fox River Grove, Illinois and is therefore a citizen of the State of Illinois. Majmudar is included in this action as she is included as a "Secondary Beneficiary" under the Policy. Upon information and belief, Majmudar is the sister of Ari Squire.

5. Upon information and belief, Defendant Vaccaro is or was at all relevant times a resident of Santa Barbara, California and is therefore a citizen of the State of California. Mr. Vaccaro is a necessary party to this action as he is identified as a "Primary Beneficiary" under the Policy.

**JURISDICTION AND VENUE**

6. This court has original jurisdiction in that this action meets the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332 and the Court has jurisdiction to consider FILI's claim under the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff and each Defendant are of diverse citizenship and the amount in controversy exceeds $75,000.

7. Venue is proper as at least one Defendant (Squire) resides within the District and the facts giving rise to the action took place within the District.

8. A justiciable controversy exists among the parties as to whether Defendant Squire is entitled to the benefits under the Policy and how the life insurance benefits under the Policy should be distributed.

## FACTUAL BACKGROUND

9. FILI issued life insurance Policy No. TL-000-5560 (the "Policy") insuring Ari Squire and incepting on August 12, 1999. A copy of the Policy is attached as Exhibit A.

10. The Policy provides a total benefit of $5 million ($5,000,000) in the event of Ari Squire's death.

11. Subject to its conditions, exclusions, and terms, the Policy designates Defendant Squire, Ari Squire's wife, as a primary beneficiary to receive eighty percent (80%) of the total benefit or $4 million. Defendant Vaccaro is designated as the other primary beneficiary as to twenty percent (20%) of the total benefit or $1 million. Defendant Majmudar, Ari Squire's sister, is designated as the "Secondary Beneficiary" under the Policy.

12. Defendant Squire has submitted a claim to FILI asserting her rights under the Policy for benefits she claims are owed based on Ari Squire's March 2, 2008, suicide.

13. FILI thereafter undertook an investigation of the claim for proceeds under the Policy. That investigation revealed that there are disputes as to whether Defendant Squire is entitled to recover under the Policy and whether Defendants have potential competing claims regarding the distribution of the benefits under the Policy.

14. The investigation revealed that on May 8, 2008, Donna FioRito, on her own behalf and as administrator of the Estate of Justin Newman, filed a complaint in the Circuit Court of Cook County against Ari Squire and Defendant Squire. See, *The Estate of Newman v. Squire*, Cook County Docket No. 08-L-5119, attached as Exhibit B (hereinafter the "Newman

Complaint"). On August 12, 2008, the matter was transferred to Lake County, Illinois, and is currently pending under Docket No. 08 L 676.

15. The Newman Complaint alleges that Ari and Defendant Squire conspired to kill Newman "with the intention of using Mr. Newman's body to fake the death of Ari Squire, who had criminal matters pending against him at the time." See, Exhibit B, ¶ 2. The Newman Complaint asserts causes of action against Denise and Ari Squire for Newman's wrongful death and includes claims alleging willful and wanton conduct (Count V), intentional infliction of emotional distress (Count VI), conspiracy (Count VII) and seeks punitive damages (Count VIII). *Id.*

16. According to the Newman Complaint, Defendant Squire's involvement in Mr. Newman's death included, but was not limited to, allegations that on or about February 23, 2008 she furthered the conspiracy to kill Newman and collect the benefits under the Policy by remaining in contact with Ari Squire while he fled to Missouri (¶¶ 23 through 25) after he faked his death and after she had a remembrance dinner in "celebration" of her husband's life. *Id* at ¶ 27.

17. The Newman Complaint additionally alleges that on March 2, 2008, Ari Squire shot and killed himself in a motel room "fearing capture" by several local police officers who, after running a license plate check on Newman's car, had proceeded to the motel and knocked on Mr. Squire's motel room door. *Id* at ¶¶ 30 and 31. The authorities used DNA and fingerprint testing to identify the decedent found in the motel room as Mr. Squire. *Id* at ¶ 32.

18. The Newman Complaint alleges that Defendant Squire is the beneficiary under the Policy and is entitled to payment upon Mr. Squire's death. *Id* at ¶ 34.

19. FILI's investigation also revealed various media reports setting forth allegations against Ari and Denise Squire similar to those asserted in the Newman Complaint.

20. As part of the investigation into Defendant Squire's claim for benefits, FILI also discovered that the criminal investigation conducted by the Lake County State's Attorney into Mr. Newman's death was ongoing. FILI learned that Defendant Squire's involvement in Mr. Newman's death was a subject of this criminal investigation.

21. Upon information and belief, the criminal investigation into Mr. Newman's death, including, but not limited to, Defendant Squire's involvement in the death, remains open, active and ongoing. Additionally, upon information and belief, the criminal investigation into Defendant Squire's involvement in Mr. Newman's death includes an investigation into criminal charges for insurance fraud relating to her claim for benefits under the Policy.

22. Various media reports, including one as recently as April 23, 2009 on the Chicago affiliate for NBC, have reported that Defendant Squire remains the subject of a criminal investigation for insurance fraud related to her alleged role in the death of Mr. Newman.

**COUNT I: DECLARATORY JUDGMENT REGARDING DEFENDANT DENISE SQUIRE**

23. FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 22 above as the allegations of Paragraph 23.

24. Defendant Squire has submitted a claim for benefits under the Policy.

25. Defendant Squire remains the subject of a wrongful death lawsuit which alleges that Defendant Squire conspired with her husband to kill Justin Newman. Defendant Squire is also the subject of a criminal investigation into her involvement in the death of Justin Newman. Upon information and belief, this criminal investigation includes an investigation into whether

Defendant Squire and her husband conspired to kill Justin Newman for purposes of defrauding FILI and collecting benefits under the Policy.

26.  FILI's investigation into Defendant Squire's claim for benefits is ongoing as the wrongful death lawsuit and criminal investigation continue to push forward.

27.  A dispute exists between FILI and Defendant Squire as to whether FILI is immediately obligated to pay the benefits to Defendant Squire.

28.  Additionally, a dispute exists between FILI and Defendant Squire as to whether Defendant Squire's wrongful conduct, if any, forfeits any rights she had to collect benefits under the Policy pursuant to Illinois statute 755 ILCS 5/2-6 "Person Causing Death" ("A person who intentionally and unjustifiably causes the death of another shall not receive any property, benefit, or other interest by reason of the death…" ).

WHEREFORE, Plaintiff, FILI, prays that this Court grant the following relief:

a.  That the Court determine it has jurisdiction over the subject matter and parties to this declaratory judgment action and that a declaratory judgment is appropriate given the dispute among the parties;

b.  That the Court declare the rights and obligations of the parties under the above-mentioned Policy and determine:

(1) whether FILI is allowed to continue an investigation into the claim for benefits under the Policy while the criminal investigation into Mr. Newman's death and insurance fraud remains ongoing;

(2) whether FILI is allowed to continue an investigation into the claim for benefits under the Policy while the wrongful death litigation brought by the Newman estate remains active and pending against Denise Squire; and,

(3) whether Denise Squire is disqualified from collecting benefits under the Policy pursuant to Illinois statute 755 ILCS 5/2-6 "Person Causing Death" to the extent the criminal investigation results in criminal charges or conviction against Denise Squire or the wrongful death action results in a finding that Denise Squire is liable for the death of Justin Newman;

c. Award and grant FILI its attorneys' fees, costs and interest at the statutory rate on amounts currently due and owing and on any amounts that become due and owing during the pendency of these proceedings;

d. Award and grant such other and further relief as the Court deems just and appropriate under the circumstances.

**COUNT II: DECLARATORY JUDGMENT REGARDING ALL DEFENDANTS**

29. FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 28 above as the allegations of Paragraph 29.

30. Upon information and belief, the defendants have competing claims to the benefits under the Policy.

31. The conflicting demands previously asserted or to be asserted by each Defendant regarding the benefits under the Policy create doubt as to the benefits to which each Defendant is entitled, if any. As a result, there is a dispute among the Parties regarding the appropriate payment of benefits under the Policy.

WHEREFORE, Plaintiff, FILI, prays that this Court resolve the competing claims to benefits under the Policy as set forth herein and respectfully requests that the Court grant the following relief:

a. That the Court declare the rights and obligations of the Parties under the above-mentioned Policy;

b. That, if the court shall determine that FILI does have an obligation to pay benefits under the Policy, that FILI and its agents and representatives be discharged and released from all further liability under the Policy upon FILI's payment of the death benefits in accordance with the further order of this Court;

c. Award and grant FILI its attorneys' fees, costs and interest at the statutory rate on amounts currently due and owing and on any amounts that become due and owing during the pendency of these proceedings;

d. Award and grant such other and further relief as the Court deems just and appropriate under the circumstances.


Date: May  4 , 2009                           LOCKE LORD BISSELL & LIDDELL LLP


                                                      By  <u>Mark A. Deptula</u>
                                                      Attorneys For Plaintiff,
                                                      FIDELITY INVESTMENTS LIFE
                                                      INSURANCE COMPANY

Jennifer A. Kenedy
Mark A. Deptula
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL  60606
312-443-0700