IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY INVESTMENTS LIFE INSURANCE COMPANY, | Case No. 09-C-2704 |
| Plaintiff, | Judge Der-Yeghiayan |
| vs. | Magistrate Judge Denlow |
| DENISE SQUIRE, SHANA MAJMUDAR, and JOE VACCARO, | |
| Defendants. | |

---

**PLAINTIFF FILI'S MOTION TO DISMISS DEFENDANT SQUIRE'S COUNTERCLAIM FOR VEXATIOUS AND UNREASONABLE DELAY AND BAD FAITH PURSUANT TO F.R.C.P. 12(B)(6)**

---

Now comes Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY ("FILI") by and through its attorneys, LOCKE LORD BISSELL & LIDDELL LLP and, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves the Court for an order dismissing with prejudice defendant Denise Squire's counterclaim for vexatious and unreasonable delay and bad faith. In support of this motion to dismiss, FILI states as follows:

**BACKGROUND**

This court should dismiss Counts II and III of Defendant Denise Squire's Counterclaim against FILI because (1) Illinois law precludes such claims for "vexatious conduct" or bad faith where there is a reasonable, good faith or "bona fide" dispute as to coverage; (2) there is no private right of action under Section 154.6 of the Illinois Insurance Code; and (3) the

Counterclaim fails to plead facts which would support a finding of vexatious and unreasonable delay.

FILI initiated this declaratory judgment action in an effort to resolve the dispute over whether Defendant Denise Squire ("Squire")  is disqualified from receiving $4 million in benefits under life insurance Policy No. TL000-5560 (the "Policy") which insured her husband, Ari Squire, deceased.  Squire is a defendant in a wrongful death action initiated by the Estate of Justin Newman pending in Lake County, Illinois, captioned *Estate of Newman v. Squire,* Docket No. 08 L 676.  The Plaintiffs in that case allege that Squire conspired with her husband to use the corpse of Justin Newman, who was murdered in the Squire's home, to feign Ari Squire's death for the purposes of committing insurance fraud.  Through FILI's investigation, it was also discovered that Squire is the subject of a criminal insurance fraud investigation which is being conducted by the Federal Bureau of Investigation and the Lake County State's Attorney's Office.

On May 27, 2009, Squire filed her Answer to Complaint and Counterclaim which includes counts against FILI for Declaratory Judgment (Count I), Vexatious And Unreasonable Delay Pursuant to 215 ILCS 5/155 (Count II), and Bad Faith citing to 215 ILCS 5/154.6 (Count III).  *See*, Ex. A, Defendant Squire's Answer to Complaint And Counterclaim (Case No. 1:09-cv-02704, *Document No. 8*).   FILI now moves this Court to dismiss Counts II and III of Squire's counterclaims.

**STANDARD FOR MOTION TO DISMISS**

In order to survive a motion to dismiss pursuant to Rule 12 (b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Lanza v. City of Chicago,* 2009 WL 1543680, *2 (N.D.Ill. June 2, 2009) citing to *Ashcroft*

*v. Iqbal*, 129 S.Ct. 1937 (2009). A court should grant a motion under Rule 12(b)(6) if a plaintiff fails to provide the "grounds" of its "entitle[ment] to relief" through allegations that raise a right to relief above the speculative level assuming all of the complaint's allegations are true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* This Court is not bound to accept as true legal conclusions couched as a factual allegation. *See id.* at 1949-50. Moreover, these standards apply to complaints in *all* civil actions. *Id; See, Coss v. Playtex Products, LLC,* 2009 WL 1455358, *2 (N.D.Ill. May 21, 2009) (citing to *Ashcroft* noting Court's holding that Rule 8 applies to complaints in all civil actions).

The Supreme Court's decision in *Twombly*, which was reaffirmed last month in *Ashcroft*, illustrates a two-pronged approach for federal courts to evaluate a pleading subject to a motion to dismiss. *Id.*, at 1950. First, a court identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Next, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* ( *quoting* FED. R. CIV. P. 8(a)(2); *See*, *Lanza, 2009* WL 1543680*,* and *Coss,* 2009 WL 1455358*.* To survive the motion to dismiss, the complaint must state a plausible claim for relief. *Id.*

**ARGUMENT**

I.   **COUNTS II AND III FAIL AS ILLINOIS LAW DOES NOT PERMIT SUCH CLAIMS WHERE THERE IS A GOOD FAITH DISPUTE OVER COVERAGE.**

Squire's bad faith and vexatious conduct claims clearly fail under Illinois law since there is a good faith dispute over coverage. In order to give rise to Section 155 liability, an insurer's conduct must be "unreasonable and vexatious." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). Good faith disputes are not grounds for Section 155 liability. *Id* ("an insurer's conduct is not vexatious and unreasonable if… there is a bona fide dispute concerning the scope and application of insurance coverage"); see also, *Employer Ins. of Wausau v. Pacer International, Inc.,* 2005 U.S.Dist. LEXIS 1337, *12-13 (N.D.Il. 2005) (granting summary judgment as to Section 155 claim where there was a "bona fide dispute regarding the extent of Wausau's coverage."); *Martin v. Illinois Farmers Ins*., 742 N.E.2d 848 (Ill.App. 1st Dist. 2000) (trial court's dismissal of Section 155 claim affirmed where there was a bona fide dispute over coverage such that defendants could not be liable for "vexatious and unreasonable" delay).

Squire's claims for vexatious conduct (Count II) and "bad faith" (Count III) should be dismissed as there is a good faith dispute regarding coverage. FILI initiated this action to resolve the good faith and "bona fide" dispute over whether Squire is disqualified from recovering the benefits under the Policy given the ongoing criminal investigations and wrongful death litigation. Both the criminal investigation and wrongful death litigation focus on whether Squire was involved in a criminal conspiracy with her husband to feign his death and defraud FILI for purposes of recovering the benefits under the Policy. Squire acknowledges in her declaratory judgment count that "an actual controversy exists between the Plaintiff and Defendant" regarding

the rights and liabilities of the parties under the terms and provisions of the Policy. Ex. A, ¶ 11. Under Illinois law, there can be no vexatious conduct or bad faith claim where, as here, there is a "bona fide" or "good faith" dispute over coverage and Squire's claim must consequently be dismissed.

**II.   COUNT III SHOULD BE DISMISSED AS ILLINOIS DOES NOT RECOGNIZE A PRIVATE CAUSE OF ACTION UNDER 215 ILCS 5/154.6.**

Squire's Count III, which asserts a "bad faith" cause of action under Section 5/154.6, must be dismissed because, under Illinois law, Section 154.6 does not provide a private cause of action. See, *Bageanis v. American Banks Life Assur. Co. of Florida*, 783 F.Supp., 1141, 1149 (N.D.Ill. 1992) (holding that 154.6 does not provide a private cause of action). Illinois courts have held that Section 155 serves as the remedy for the improper claims practices which are defined in Section 154.6. *Id*. In fact, the Illinois Supreme Court has held that a common law tort claim alleging bad faith or unfair dealings is preempted by Section 155 if the plaintiff fails to allege elements of a separate tort. See, *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 903-04 (IL. 1996).

Squire has premised Count III of her counterclaim entirely on 215 ILCS 5/154.6. In fact, in addition to being legally insufficient, the allegations included in Count III are a *verbatim* recitation of the language of Section 154.6 without any factual support or allegation as to how FILI's conduct violated the provisions. FILI questions whether there was even a good faith basis for asserting these allegations. For example, at ¶ 14, Squire enumerates allegations against FILI which are clearly unfounded and irrelevant as they relate to vehicle repairs (¶ j), an altered application (¶ k), duplication of verifications (¶ m), and provisions related to the Illinois Vehicle

Code (¶¶ p and q). There are no facts alleged to support any of the allegations in Count III. Since Count III is legally and factually deficient, it must be dismissed.

**III. COUNT II FAILS TO INCLUDE ANY FACTUAL SUPPORT AND SHOULD BE DISMISSED.**

Although the above legal deficiencies are sufficient to defeat Squire's claims, dismissal is additionally appropriate as Squire has not plead any facts to support her causes of action. In order to withstand a motion to dismiss, Squire's complaint must allege facts sufficiently setting forth "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949. Bare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice. *Lanza*, 2009 WL 1543680, citing to *Ashcroft*.

Squire's counterclaim is devoid of any allegation supporting her Section 155 claim and consequently must be dismissed. The claim states only that the refusal to pay benefits has been "vexatious and unreasonable since the Insured died while the [P]olicy was in full force and all conditions have been satisfied or fulfilled under the policy to collect the proceeds thereof." See, Ex. A, ¶ 12. The remaining allegations are simply that FILI "has refused to tender the proceeds of the policy" (¶ 8) or that FILI "unreasonably refuses to tender the proceeds" (¶ 10). Such conclusions, without some modicum of factual support, are insufficient to state a cause of action and dismissal is appropriate. See, *Ashcroft*, 129 S.Ct. at 1949-50 (conclusory statements are insufficient).

**CONCLUSION**

As set forth above, Squire's claims under Counts II and III are legally and factually insufficient and must dismissed. Illinois law does not recognize a cause of action for "vexatious

conduct" or bad faith where there is a reasonable dispute as to coverage. Additionally, Squire's claim is insufficient under Illinois law which precludes private causes of action under Section 154.6 of the Insurance Code. Even though these reasons are sufficient to dismiss her causes of action, dismissal is additionally warranted as Squire has failed to plead any facts entitling her to the relief she seeks.

WHEREFORE, Defendant FIDELITY INVESTMENTS LIFE INSURANCE COMPANY respectfully requests that this Court enter an order dismissing Counts II and III of Defendant Squire's Counterclaims with prejudice and such further relief as the Court deems just and appropriate.

Date: June 16, 2009                     LOCKE LORD BISSELL & LIDDELL LLP


                                        By __/s/ Mark A. Deptula_____
                                           Attorneys For Plaintiff,
                                           FIDELITY INVESTMENTS LIFE
                                           INSURANCE COMPANY

Jennifer A. Kenedy
Mark A. Deptula
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL  60606
312-443-0700

CHI1 1600823v.2