IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY INVESTMENTS LIFE INSURANCE COMPANY, | ) Case No. 09-C-2704 )  ) Judge Der-Yeghiayan |
| Plaintiff, | ) ) Magistrate Judge Denlow |
| vs. | ) ) |
| DENISE SQUIRE, SHANA MAJMUDAR, and JOE VACCARO, | ) ) ) |
| Defendants. | ) |

___

**PLAINTIFF FILI'S  REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT SQUIRE'S COUNTERCLAIM FOR VEXATIOUS AND UNREASONABLE DELAY AND BAD FAITH PURSUANT TO F.R.C.P. 12(B)(6)**
___

Now comes Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY ("FILI"), by and through its attorneys, LOCKE LORD BISSELL & LIDDELL LLP, and in further support of its Federal Rule of Civ. Pro. 12(b)(6) Motion To Dismiss Defendant Squire's Counterclaims For Vexatious And Unreasonable Delay And Bad Faith, states as follows:

**INTRODUCTION**

Counts II and III of Denise Squire's Counterclaims should be dismissed as Illinois law precludes such claims for "vexatious conduct" or bad faith where there is a reasonable, good faith, or "bona fide" dispute as to coverage.  Squire's response offers nothing to oppose the Illinois law cited in support of FILI's motion.  Although this legal deficiency alone is enough to defeat her claims, dismissal is also warranted based on Squire's failure to plead facts in support of her "vexatious conduct" claim in Count II.  Squire's conclusory allegations, without any

factual support, do not meet the pleading requirements to survive a motion to dismiss as set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  Finally, Squire concedes that the private right of action asserted in Count III is preempted by Section 155 of the Illinois Insurance Code.  As such, dismissal of Count III is also appropriate.

I. **DISMISSAL IS APPROPRIATE AS ILLINOIS LAW DOES NOT RECOGNIZE THE CLAIMS ASSERTED BY SQUIRE.**

Squire does nothing to refute the argument that, as a matter of clear Illinois law, there is no claim for "bad faith" or "vexatious conduct" where there is a good faith dispute over coverage.  Illinois law governing this issue is set forth in FILI's motion and will not be repeated here.  *See*, Motion To Dismiss, p. 4.  Squire's response does nothing to dispute that FILI initiated this action to resolve the good faith and "bona fide" dispute over whether Squire is disqualified from recovering the benefits under the Policy given the ongoing criminal investigations and wrongful death litigation.  It is undisputed that the criminal investigation and wrongful death litigation are both focused on whether Squire was involved in a criminal conspiracy with her husband - the insured - to feign his death by murdering a stranger and passing off the victim's identity as that of the insured to defraud FILI for purposes of recovering $4 million under the Policy.  Squire acknowledges in her declaratory judgment count that "an actual controversy exists between the Plaintiff and Defendant" regarding the rights and liabilities of the parties under the terms and provisions of the Policy.  Ex. A to FILI's Motion at ¶ 11.  Under Illinois law, there can be no vexatious conduct or bad faith claim where, as here, there is a "bona fide" or "good faith" dispute over coverage and Squire's claim must consequently be dismissed.

Squire's reliance on *O'Neill v. Gallant Ins. Co.*, 329 Ill. App. 3d 1166, 769 N.E.2d 100 (5th Dist. 2002), is misplaced.  *Gallant*, which involved a punitive damage award based on a third-party liability insurer's failure to settle within policy limits, is factually and legally different

from the present matter. First, the type of insurance involved is fundamentally different - *Gallant* did not involve life insurance, but involved third-party liability insurance which obligated the insurer to provide the insured a defense (i.e., the insurer owed a "duty to defend") and to exclusively control the defense of the insured including the determination of whether to settle the underlying claim. It is undisputed that FILI has no such obligation under the life insurance contract at issue here. Second, there was no coverage dispute in *Gallant* so it does not address the unambiguous precedent under Illinois law that a bad faith claim is precluded where there is a bona fide dispute over coverage. (*See*, FILI's Motion at p. 4). Unlike the present case, *Gallant* found that punitive damages were appropriate where the evidence established that the insurer acted with "utter indifference and reckless disregard for its policyholder's financial welfare" in failing to settle within the $20,000 policy limit resulting in an excess judgment of $710,063 against the insured. Based on these differences, this Court should reject the application of *Gallant* to the present facts. Squire presents no other support to refute the caselaw presented in FILI's motion and concedes an actual controversy exists as to coverage. Ex. A to FILI's Motion at ¶ 11. Squire's counter-claims for bad faith or vexatious conduct are consequently barred as a matter of Illinois law.

**II.     COUNT II DOES NOT SET FORTH SUFFICIENT FACTS AND SHOULD BE DISMISSED.**

In addition to being legally deficient, Squire's counterclaim also fails to include any factual basis and should be dismissed. As set forth in FILI's motion, conclusions, without some modicum of factual support, are insufficient to state a cause of action. See, *Ashcroft v. Iqbal*, 129 S.Ct. 1937 at 1949-50 (2009). Moreover, bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Lanza v. City of Chicago,* 2009 WL 1543680 (N.D.Ill. June 2, 2009), citing to *Ashcroft*. To survive this motion to dismiss, Squire's

counterclaim must set forth "more then an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949.

Squire argues only that the "factual basis for Count II of the counterclaim is clearly set forth in paragraphs 1 through 11…" of Count I.  *See*, Squire's Response at ¶ 4.  Count I, however, is devoid of <u>any</u> factual allegations supporting the claim for vexatious and unreasonable conduct in Count II.  In this regard, the claim includes only conclusory allegations that FILI "has refused to tender the proceeds of the policy" (¶ 8) and "unreasonably refuses to tender the proceeds" (¶ 10).  Other than these conclusions, Squire alleges no facts – no alleged conduct by FILI - to support her claim that FILI's actions have been vexatious or unreasonable.  Such conclusions, without any factual support, are insufficient and dismissal is warranted.  See, *Ashcroft*, 129 S.Ct. at 1949.

### III.    SQUIRE CONCEDES THAT COUNT III SHOULD BE DISMISSED.

Count III of Squire's Counterclaim should be dismissed as there is no private right of action under Section 154.6 of the Illinois Insurance Code.  As set forth in FILI's motion, Illinois courts have held that Section 155 of the Insurance Code serves as the remedy for alleged improper claims practices.  See, *Bageanis v. American Banks Life Assur. Co. of Florida,* 783 F.Supp. 1141, 1149 (N.D.Ill. 1992); *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 903-04 (IL 1996) (common law tort claim for bad faith is preempted by Section 155 if plaintiff fails to allege elements of a separate tort).  Squire concedes this point in her response brief.  See, Squire's Response at p. 1 ("Squire concedes… that section 154.6 of the Illinois Insurance Code fails to provide a private cause of action.").  Count III should also be dismissed.

## CONCLUSION

As set forth above and in FILI's Motion To Dismiss, Squire's claims under Counts II and III are legally and factually insufficient and must dismissed. Illinois law does not recognize a cause of action for "vexatious conduct" or bad faith where there is a reasonable dispute as to coverage. Dismissal is additionally warranted as Squire has failed to plead any facts entitling her to the relief she seeks. Additionally, Squire concedes that her claims in Count III are precluded under Illinois law as being preempted by Section 155 of the Illinois Insurance Code.

WHEREFORE, Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY respectfully requests that this Court enter an order dismissing Counts II and III of Defendant Squire's Counterclaims with prejudice and such further relief as the Court deems just and appropriate.

Dated: July 24, 2009

LOCKE LORD BISSELL & LIDDELL LLP

By: __/s/ Mark A. Deputla__
 Attorneys For Plaintiff,
 FIDELITY INVESTMENTS LIFE
 INSURANCE COMPANY

Jennifer A. Kenedy
Mark A. Deptula
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL  60606
312-443-0700