IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY INVESTMENTS LIFE INSURANCE COMPANY, | ) ) | Case No. 09-C-2704 |
| | ) | |
| Plaintiff, | ) ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Denlow |
| vs. | ) ) | |
| DENISE SQUIRE, SHANA MAJMUDAR, and JOE VACCARO, | ) ) ) | |
| Defendants. | ) | |

_____

**PLAINTIFF FILI'S  MOTION TO DISMISS DEFENDANT VACCARO'S COUNTERCLAIM FOR VEXATIOUS AND UNREASONABLE DELAY PURSUANT TO F.R.C.P. 12(B)(6)**
_____

Now comes Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY ("FILI") by and through its attorneys, LOCKE LORD BISSELL & LIDDELL LLP and, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves the Court for an order dismissing with prejudice defendant Joe Vaccaro's counterclaim for vexatious and unreasonable delay.  In support of this motion to dismiss, FILI states as follows:

## BACKGROUND

This court should dismiss Count II of the Counterclaim filed by Joe Vaccaro ("Vaccaro") against FILI because Illinois law precludes such claims for "vexatious conduct" or bad faith where there is a reasonable, good faith or "bona fide" dispute as to coverage and the Counterclaim fails to plead facts which would support a finding of vexatious and unreasonable delay.

FILI initiated this declaratory judgment action in an effort to resolve all disputes as to the payment of benefits arising out of insurance Policy No. TL000-5560 (the "Policy") which insured Ari Squire, deceased.  These disputes include claims to benefits made by Denise Squire, Ari's wife, who is alleged to have conspired with her husband to use the corpse of Justin Newman, who was murdered in the Squire's home, to feign Ari Squire's death for the purposes of committing insurance fraud.  Through FILI's investigation, it was also discovered that Squire is the subject of a criminal insurance fraud investigation which is being conducted by the Federal Bureau of Investigation and the Lake County State's Attorney's Office.

FILI's declaratory judgment complaint also includes the dispute over any other claims to benefits under the Policy.  This includes any claim to benefits under the Policy submitted by Vaccaro.  In this regard, Vaccaro first submitted a claim under the Policy on June 17, 2009, nearly six weeks after the filing of FILI's Complaint in this action and well over fifteen months after Ari Squire's passing.  FILI promptly responded to Vaccaro's claim for benefits on June 25, 2009 advising that this litigation encompasses all claims to benefits under the Policy.  Vaccaro filed his Answer to Complaint and Counterclaim on July 10, 2009.  The Counterclaim seeks a Declaratory Judgment based on the "actual controversy between Vaccaro and FILI" (Count I) and asserts a theory of "Vexatious And Unreasonable Delay Pursuant to 215 ILCS 5/155" (Count II).  *See*, Ex. A, Defendant Vaccaro's Answer to Complaint And Counterclaim (Case No. 1:09-cv-02704, *Document No. 32*).  FILI now moves this Court to dismiss Count II of Vaccaro's counterclaims.

## STANDARD FOR MOTION TO DISMISS[1]

In order to survive a motion to dismiss pursuant to Rule 12 (b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Lanza v. City of Chicago,* 2009 WL 1543680, *2 (N.D.Ill. June 2, 2009) citing to *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).   A court should grant a motion under Rule 12(b)(6) if a plaintiff fails to provide the "grounds" of its  "entitle[ment] to relief" through allegations that raise a right to relief above the speculative level assuming all of the complaint's allegations are true.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft* , 129 S. Ct. at  1949 .  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  This Court is not bound to accept as true legal conclusions couched as a factual allegation.  *See id.* at 1949-50.  Moreover, these standards apply to complaints in *all* civil actions.  *Id; See, Coss v. Playtex Products, LLC,*  2009 WL 1455358, *2 (N.D.Ill. May 21, 2009) (citing to *Ashcroft* noting Court's holding that Rule 8 applies to complaints in all civil actions).

The Supreme Court's decision in *Twombly*, which was reaffirmed in *Ashcroft*, illustrates a two-pronged approach for federal courts to evaluate a pleading subject to a motion to dismiss. *Id.*, at 1950.  First, a court identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  *Id.*  Next, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give

---

[1] FILI has similarly moved to dismiss pursuant to 12(b)(6) the Counterclaims asserted by Denise Squire.  *See*, Document # 20 filed on June 23, 2009.

rise to an entitlement to relief.  *Id.*  "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'"  *Id.* ( *quoting* FED. R. CIV. P. 8(a)(2));   *See*,

*Lanza, 2009* WL 1543680,  and *Coss,* 2009 WL 1455358.  To survive the motion to dismiss, the

complaint must state a plausible claim for relief.  *Id.*

## ARGUMENT

**I.      ILLINOIS LAW PRECLUDES BAD FAITH CLAIMS WHERE THERE IS A
         GOOD FAITH DISPUTE OVER COVERAGE AND COUNT II  MUST BE
         DISMISSED.**

Vaccaro's "vexatious and unreasonable delay" claim fails under Illinois law since there is

a good faith dispute over coverage.  In order to give rise to Section 155 liability, an insurer's

conduct must be "unreasonable and vexatious."  *Citizens First Nat'l Bank v. Cincinnati Ins. Co.,*

200 F.3d 1102, 1110 (7th Cir. 2000).   Good faith disputes are not grounds for Section 155

liability.  *Id* ("an insurer's conduct is not vexatious and unreasonable if… there is a bona fide

dispute concerning the scope and application of insurance coverage"); see also, *Employer Ins. of*

*Wausau v. Pacer International, Inc.,* 2005 WL 61481, *4 (N.D.Ill. Jan. 11, 2005) (granting

summary judgment as to Section 155 claim where there was a "bona fide dispute regarding the

extent of Wausau's coverage.").

Vaccaro's claim for vexatious conduct (Count II) should be dismissed as there is a good

faith dispute regarding coverage.  FILI initiated this action to resolve the good faith and "bona

fide" dispute over whether benefits are owed under the Policy given the ongoing criminal

investigations into Ari Squire's death and wrongful death litigation initiated by the Estate of

Justin Newman.  Both the criminal investigation and wrongful death litigation focus on whether

there was a criminal conspiracy to feign Ari Squire's death and defraud FILI for purposes of recovering the benefits under the Policy.  There is sworn deposition testimony in the underlying *Newman* litigation potentially implicating Vaccaro in this conspiracy.  Furthermore, Vaccaro acknowledges in his declaratory judgment count that "an actual controversy exists between Vaccaro and FILI" regarding the rights and liabilities of the parties under the terms and provisions of the Policy.  Ex. A, ¶ 8.  Under Illinois law, there can be no vexatious conduct or bad faith claim where, as here, there is a "bona fide" or "good faith" dispute over coverage and Squire's claim must consequently be dismissed.

## II.     COUNT II FAILS TO INCLUDE ANY FACTUAL SUPPORT AND SHOULD BE DISMISSED.

Although the above legal deficiency is sufficient to defeat Vaccaro's claims, dismissal is additionally appropriate as Vaccaro has not plead any facts to support his cause of action.   In order to withstand a motion to dismiss, Vaccaro's complaint must allege facts sufficiently setting forth "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949.  Bare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice. *Lanza*, 2009 WL 1543680, citing to *Ashcroft*.

Vaccaro's counterclaim is devoid of any allegation supporting his Section 155 claim and consequently must be dismissed.  The claim states only that "FILI has unreasonably withheld benefits due to Vaccaro under the Policy…"  See, Ex. A, ¶ 13.  There are no allegations of fact to support this conclusion.  Notably absent from the Counterclaim is any allegation that there was any delay on FILI's behalf.  Vaccaro has not – and cannot - make such an allegation since he waited fifteen months to submit has claim to which FILI responded to in less then ten days.  Vaccaro's conclusions, without some modicum of factual support, are insufficient to state a

cause of action and dismissal is appropriate.  See, *Ashcroft*, 129 S.Ct. at 1949-50 (conclusory statements are insufficient).

## CONCLUSION

As set forth above, Vaccaro's claim for "vexatious and unreasonable delay" is legally and factually insufficient and must dismissed.  Illinois law does not recognize a cause of action for "vexatious conduct" or bad faith where there is a reasonable dispute as to coverage.  Even though these reasons are sufficient to dismiss his causes of action, dismissal is additionally warranted as Vaccaro has failed to plead any facts entitling him to the relief he seeks.

WHEREFORE, Defendant FIDELITY INVESTMENTS LIFE INSURANCE COMPANY respectfully requests that this Court enter an order dismissing Count II of Defendant Vaccaro's Counterclaims with prejudice and such further relief as the Court deems just and appropriate.

Date: July 30, 2009                                         LOCKE LORD BISSELL & LIDDELL LLP

Jennifer A. Kenedy
Mark A. Deptula
LOCKE LORD BISSELL & LIDDELL LLP                By ___/s/ Mark A. Deptula_____
111 South Wacker Drive                                          Attorneys For Plaintiff,
Chicago, IL  60606                                              FIDELITY INVESTMENTS LIFE
312-443-0700                                                    INSURANCE COMPANY

CHI1 1604540v.1