IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY INVESTMENTS LIFE INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | Case No. 09 C 2704 |
| vs. | ) ) | Judge Der-Yeghiayan |
| DENISE SQUIRE, SHANA MAJMUDAR, and JOE VACCARO, | ) ) ) | Magistrate Judge Denlow |
| Defendants. | ) ) ) | |

_____

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**
_____

Plaintiff, FIDELITY INVESTMENTS LIFE INSURANCE COMPANY ("FILI"), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, moves this Court for an order striking the affirmative defenses asserted by Defendant Joe Vaccaro (Vaccaro) in his Answer to Amended Complaint (Docket No. 53). In support of this motion, FILI states as follows:

1. Vaccaro's Affirmative Defenses are one-sentence legal conclusions that fail to satisfy the requirements of Rule 8. Both of the affirmative defenses must therefore be stricken.

2. An affirmative defense must be stricken if: (1) it is not "properly pleaded as an affirmative defense;" (2) it is not adequately plead under the requirements of Federal Rules of Civil Procedure 8 and 9; or (3) it cannot "withstand a Rule 12(b)(6) challenge – in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint[.]" *Sayad v. Dura Pharmaceuticals, Inc.,* 200 F.R.D. 419, 421

(N.D.Ill. 2001) (citing *Heller Financial, Inc. v. Midwhey Powder Co., Inc*., 83 F.2d 1286, 1294 (7th Cir. 1989)).

3. A matter labeled as an affirmative defense must be stricken if it is not properly pled as an affirmative defense. *Sayad*, 200 F.R.D. at 421. A matter can be properly plead as an affirmative defense only where the defendants would be required to bear the burden of proof on those particular issues. *Native American Arts, Inc. v. The Waldron Corp.*, 253 F.Supp.2d 1041, 1045 (N.D.Ill. 2003). Put another way, affirmative defenses properly pled "are reasons why defendants are not liable even if they admit the facts alleged in the complaint." *Id*.

4. Both of the purported affirmative defenses plead by Vaccaro fail to satisfy these standards and must be stricken. Both defenses are vague, one-sentence allegations that are devoid of factual support and fail to satisfy Rule 8. Vaccaro's first affirmative defense states only that that the Amended Complaint fails to allege a "justiciable controversy or claim existing between FILI and Vaccaro." Vaccaro's second affirmative defense is simply that the Complaint "fails to state facts upon which relief may be granted." Nothing more is alleged.

5. As pled, the defenses are clearly inadequate under Rule 8 because the defenses fail to refer to any particular count in the Amended Complaint and fail to notify FILI of any specific infirmities in the Amended Complaint. Conclusory "bare bones" allegations are "patently insufficient" under Rule 8. *M. McGee Design Studio v. Brinson*, No. 94 C 1644, 1994 U.S. Dist. LEXIS 9789, at *16-17 (N.D.Ill. July 14, 1994) (striking affirmative defense of "Plaintiff fails to state a claim upon which relief may be granted" as "patently insufficient" and inadequately pled under Rule 8). Even where courts have allowed "failure to state a claim" as an affirmative defense, those courts "have not read the Federal Rules so liberally as to allow the bare recitation of the legal standard ('failure to state a claim') without a short and plain statement

of the basis for the defense, as is required by Rule 8(a)." *Ring v. Bd of Educ. Cmty. Sch. Dist. No. 60*, 03 C 7397, 2004 U.S. Dist. LEXIS 14321, at *9 (N.D.Ill. July 27, 2004). Vaccaro's affirmative defenses contain only "bare bones" conclusory allegations and should be stricken.

6. Additionally, the two affirmative defenses are clearly redundant of each other and should be stricken for that reason as well. *M. McGee Design Studio,* 1994 U.S. Dist. LEXIS 9789, at *15-18.

WHEREFORE, Plaintiff, FILI, prays that this Court enter an order striking both of Vaccaro's Affirmative Defenses in their entirety and any such further relief as is just and appropriate.

Date:  September 24, 2009                LOCKE LORD BISSELL & LIDDELL LLP


                                          By  Mark A. Deptula
                                             Attorneys For Plaintiff,
                                             FIDELITY INVESTMENTS LIFE
                                             INSURANCE COMPANY

Jennifer A. Kenedy
Mark A. Deptula
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL  60606
312-443-0700

### Certificate Of Service

I, Mark A. Deptula, an attorney, certify that on  September 24, 2009, I caused the aforesaid filing to be served on All Counsel of Record via the ECF system, except service on Michael R. Graf, Michael R. Graf PC, 750 West Northwest Highway, Arlington Heights, IL 60004 was made via U.S. Mail.

                                          /s/  Mark A. Deputla