IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY INVESTMENTS LIFE INSURANCE COMPANY, | ) ) ) | Case No. 09-CV-2704 |
| | ) | Judge Der-Yeghiayan |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Denlow |
| v. | ) | |
| | ) | |
| DENISE SQUIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF FILI'S MOTION TO REASSIGN RELATED CASE
UNDER LR 40.4 AND NOTICE OF RELATED CASES[1]**

Now comes Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY

("FILI"), pursuant to Local Rule 40.4(c), by and through its attorneys, LOCKE LORD BISSELL

& LIDDELL LLP, and for its Motion to Reassign Case No. 10-CV-1058 and Notice of Related

Cases, states as follows:

**INTRODUCTION**

1.      The litigation captioned *Vaccaro v. Fidelity Investments Life Ins. Co.*, Case No. 10-

CV-1058 (the "Vaccaro Action"), currently assigned to Judge Hibbler, was recently transferred to

this Court by Judge Pregerson of the Central District of California under the "first-to-file" rule,

because of two previously filed cases involving substantially similar issues and parties which were

pending in this Court before Judge Der-Yeghiayan.  Judge Pregerson's Order is attached hereto as

Exhibit A.  FILI respectfully requests that, pursuant to LR 40.4, for the convenience of the parties

---

[1]  Under LR 40.4(c), a motion for reassignment is to be "filed with the judge before whom the lowest-numbered case of the claimed related set is pending."  FILI has therefore brought this motion before Judge Der-Yeghiayan under Docket No. 09-CV-2704 as it is the lowest-numbered of the three related cases.  The other two cases are Docket Nos. 09-CV-7496 and 10-CV-1058.

and the Court, the Vaccaro Action—the third iteration of dispute between the parties—be reassigned so it is before Judge Der-Yeghiayan as well.

2.      Additionally, FILI wanted to give the Court notice that the *Estate of Justin M. Newman v. Joseph Vaccaro*, Case No. 1:10-CV-1167, was filed on February 22, 2010 ("Newman Federal Case").[2] This wrongful death and conspiracy case involves two of the same parties and the same facts as in the other cases before Judge Der-Yeghiayan.  The Newman Federal Case is currently assigned to Judge Kocoras.  FILI is not a party to the Newman Federal Case but, given its substantial similarity to the other pending cases, the Court may find it appropriate to consider either reassigning that case to Judge Der-Yeghiayan or the other cases to Judge Kocoras.

3.      Under LR 40.4, a motion to reassign is appropriate where the cases are related and reassignment would promote the efficient use of judicial resources.  See, *Global Patent Holdings, LLC v. Green Bay Packers,* 2008 WL 1848142, * 2 (N.D.Ill. 2008).  A case may be reassigned where each of the following are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.  LR 40.4(b); *21SRL v. Enable Holdings, Inc.,* 2009 WL 4884177 (N.D.Ill. Dec. 9, 2009) (granting reassignment under LR 40.4).  Each of these requirements is easily satisfied here and reassignment of the Vaccaro Action to Judge Der-Yeghiayan is appropriate.

---

[2] Currently, a wrongful death case captioned "*Estate of Justin M. Newman v. Ari  Squire and Denise Squire,*" Docket No. 08 L 676, is being tried by Judge McKoski in the Nineteenth Judicial Circuit Court, Lake County, Illinois.  That litigation contains the same facts, issues, and claims as the Newman Federal Case against Joseph Vaccaro only against Ari Squire and Denise Squire as defendants in that case.

## PROCEDURAL BACKGROUND

4.      The two prior actions pending before Judge Der-Yeghiayan are captioned *Fidelity Investments Life Insurance Company v. Squire, et al.* (Docket No. 09-CV-2704) and *Squire v. Fidelity Investments Life Insurance Company* (Docket No. 09-CV-07496).  The dispute between the parties arises out of the inconsistent and competing claims asserted by the potential beneficiaries under the $5 million life insurance policy FILI provided to Ari Squire.  These inconsistent claims arose due to allegations that one or more beneficiaries were involved in Ari Squire's plan to commit murder, feign his death, and defraud FILI of the policy benefits.  The estate of the murder victim, Justin Newman, has sued Denise Squire in Lake County and now Joe Vaccaro in the Federal Newman Case alleging conspiracy, wrongful death, and other identical claims.  The possibility of disqualification of Denise Squire and Joe Vaccaro also meant FILI was faced with competing claims to the policy benefits by the secondary beneficiary, Shana Majmudar, Ari Squire's sister.

5.      Judge Pregerson's order includes a recitation of the procedural history of the litigation between the parties.  (*See*, Exhibit A, page 3).  As reflected in Judge Pregerson's order, on May 4, 2009, FILI filed a declaratory judgment action and sought the Court's assistance in resolving the competing claims under the $5 million life insurance policy it issued to Ari Squire (*See*, Docket No. 09-CV-2704).  On October 14, 2009 Judge Der-Yeghiayan, on his own order, dismissed this litigation without prejudice because the facts at that time did not demonstrate a controversy between the parties of "sufficient immediacy" or ripeness to warrant declaratory judgment as underlying wrongful death litigation implicating certain potential beneficiaries remained pending in Lake County, Illinois.  The October 14, 2009 Order is attached as Exhibit B

(the "October 14 Order").  In Judge Pregerson's order, he referred to this action as the "First Action."

6.      Denise Squire, Ari Squire's wife, filed a complaint for breach of contract and bad faith and vexatious delay against FILI in Lake County, Illinois, on October 31, 2009.  FILI timely removed Denise Squire's Lake County action to this Court (*See*, Docket No. 09-CV-07496) and filed its Answer To Plaintiff's Complaint, Counterclaims And Third-Party Claims For Declaratory Relief Pursuant To 28 USC § 2201 And Interpleader.  *See*, 09-CV-07496, Document No. 7. FILI's pleading was comprehensive in that it included all potential claimants to the policy proceeds in one action.

7.      On December 9, 2009, Judge Der-Yeghiayan, again on his own order (the "December 9 Order"), dismissed the litigation without prejudice noting his October 14 Order and "for the same reasons" told the parties that the disputes between them were not ripe and instructed the parties to come back following resolution of the "pending State action."  The December 9 Order is attached as Exhibit C.  The "pending State action" refers to the wrongful death litigation brought by the Estate of Justin Newman against Denise Squire currently on trial in Lake County. The December 9 Order grants leave to reinstate the action once the matter is ripe.  (See, Exhibit C).  Denise Squire's Motion to Reconsider the December 9 Order remains pending before Judge Der-Yeghiayan.

8.      The Vaccaro Action was filed on December 21, 2009, in the Central District of California against FILI, asserting causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief.  FILI moved to dismiss the Vaccaro Action in favor of the earlier filed suits pending in this Court under the "first-to-file" rule.

Alternatively, FILI moved to transfer venue to this Court pursuant to 28 U.S.C. § 1404(a) or stay the action.

9.      On February 11, 2010, Judge Pregerson granted FILI's motion concluding that "the appropriate action is to transfer this case to the Northern District of Illinois under the first-to-file rule…"  (See, Exhibit A).  Judge Pregerson found that transfer to this Court was appropriate, in part, because "the parties and the issues in this suit are substantially similar to those in the first action" pending before Judge Der-Yeghiayan.  (*See*, Exhibit A at page 6).  Also, because the first action involved all parties, not just Vaccaro, "the first action is more likely than this one to accord complete relief and adjudicate all outstanding claims to the Policy." *Id.*

10.      On February 19, 2010, the parties were advised by letter dated February 17, 2010, that the Vaccaro Action was assigned case number 10 CV 1058 to the Honorable Hibbler.

## REASSIGNMENT OF AT LEAST THE VACCARO ACTION IS APPROPRIATE

11.      Each of the conditions for reassignment required under LR 40.4(b) is satisfied here. First, all cases are pending in the Northern District of Illinois.  Second, the handling of these cases by Judge Der-Yeghiayan is likely to result in a substantial saving of judicial time and effort by efficiently adjudicating common discovery disputes as well as issues of fact and law. *Fairbanks Capital Corp. v. Jenkins,* 2002 WL 31655277 (noting criticism by Seventh Circuit for allowing multiple cases involving similar legal issues to proceed along different tracks before different judges resulting in numerous disparate decisions and multiple appeals).  In finding transfer of the Vaccaro Action appropriate, Judge Pregerson's order specifically references "wise judicial administration" and "conservation of judicial resources and comprehensive disposition of litigation" as reasons favoring transfer to this Court under the first-to-file rule.  (Exhibit A, pg. 5). He found that "it is clear that the parties and the issues in [the Vaccaro Action] are substantially

similar to those in the first action." (Exhibit A, pg. 6).  Finding reassignment appropriate is particularly true here where Vaccaro is a party to both the other actions such that it would waste judicial and party resources to force the separate litigation in front of Judge Hibbler of the identical claims pending before Judge Der-Yeghiayan.  The second requirement is consequently also satisfied.

12.     Third, the earlier cases pending before Judge Der-Yeghiayan have not progressed to the point where designating the Vaccaro Action as related would delay the earlier proceedings. As set forth above, the earlier proceedings were the subject of Judge Der-Yeghiayan's October 14, 2009 and December 9, 2009 orders dismissing the actions without prejudice.  Reassignment of the Vaccaro Action would not delay the earlier proceedings in any manner.

13.     Reassignment is also appropriate as the cases are susceptible to disposition in a single proceeding.  This factor can be satisfied where the actions involve "fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment, or at trial."  *21SRL,* 2009 WL 4884177 at *3. As Judge Pregerson noted, the claims asserted in both actions are "virtually identical, if not exactly so…"  (See, Exhibit A, pg. 7).  Judge Pregerson transferred this litigation to this Court, in part, because "the parties and the issues in this suit are substantially similar to those in the first action" pending before Judge Der-Yeghiayan.  (*See*, Exhibit A, pg. 6).  Also, because the first action involved all parties, not just Vaccaro, "the first action is more likely than this one to accord complete relief and adjudicate all outstanding claims to the Policy."  *Id.*  All actions involve claims for declaratory relief, breach of contract, and Squire's and Vaccaro's assertions of bad faith against FILI.  The same operative facts are common to all three litigations pending in this Court. Any trial of the three matters would involve the same issues of fact and law such that a single trial

or single dispositive proceeding is appropriate.  The fourth factor under LR 40.4(b) is consequently satisfied and reassignment is appropriate.

14.     LR 40.4 "promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Global Patent*, 2008 WL 1848142.  The resources of this Court and the parties are better served through reassignment of the Vaccaro Action to the calendar of Judge Der-Yeghiayan.

WHEREFORE, Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY respectfully requests that this Court reassign this matter to Judge Der-Yeghiayan and/or for such other further relief as the Court deems just and appropriate.

Date: February 24, 2010                                LOCKE LORD BISSELL & LIDDELL LLP

Jennifer A. Kenedy
Mark A. Deptula
LOCKE LORD BISSELL & LIDDELL LLP          By    /s/ Mark A. Deptula
111 South Wacker Drive                               Attorneys For Plaintiff,
Chicago, IL  60606                                      FIDELITY INVESTMENTS LIFE
312-443-0700                                            INSURANCE COMPANY