IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY INVESTMENTS LIFE INSURANCE COMPANY, | ) ) ) | Case No. 1:09-cv-02704 |
| | ) | Judge Der-Yeghiayan |
| Plaintiff, | ) ) | Magistrate Judge Denlow |
| v. | ) ) | |
| DENISE SQUIRE, et al., | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF FILI'S MOTION TO REINSTATE CASE, LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO RENEW ITS PRIOR MOTION TO REASSIGN**

Now comes Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY ("FILI"), by and through its attorneys, LOCKE LORD BISSELL & LIDDELL LLP, and for its Motion to Reinstate Case, Leave to File First Amended Complaint and to Renew its Prior Motion to Reassign, states as follows:

1.      The Court previously dismissed this case, without prejudice and with leave to reinstate, based on a lack of ripeness or justiciable dispute, citing a pending wrongful death lawsuit in state court (the "Squire wrongful death case") against a potential beneficiary under FILI's life insurance policy.  Since the Court's October 14, 2009 dismissal order, the Squire wrongful death case concluded with a jury verdict finding against policy beneficiary Denise Squire and awarding $6 million in damages to the Estate of Justin Newman.  See jury verdict, Exhibit A hereto.  In addition, the Estate of Justin Newman has filed a separate wrongful death claim in this District against another beneficiary of the same policy, and that beneficiary has filed yet another action in this District against FILI, seeking a share of policy proceeds.  Due to the

resolution of the Squire wrongful death case, and in order to avoid having multiple cases pending in this District, FILI asks this Court to reinstate FILI's declaratory relief and interpleader action involving all potential claimants to the policy.  The dispute among the parties has "ripened" with the resolution of the Squire wrongful death case and the jury's finding against Denise Squire. There is no question that the dispute over Denise Squire's disqualification and the existence of competing and conflicting claims to the policy proceeds is real and immediate such that declaratory judgment is warranted.

2.      On May 4, 2009, FILI filed this declaratory judgment action and sought the Court's assistance in resolving the competing claims under the $5 million life insurance policy it issued to Ari Squire.  (*See*, 1:09-cv-02704, Document No. 1, FILI's Complaint).

3.      The disputed claims arose due to allegations that one or more beneficiaries were involved in Ari Squire's plan to commit murder, feign his death, and defraud FILI of the policy benefits.  The estate of the murder victim, Justin Newman, sued Denise Squire in Lake County and, recently, Joe Vaccaro in this Court alleging conspiracy, wrongful death, and other identical claims.  The possibility of disqualification of Denise Squire and Joe Vaccaro also meant FILI was faced with competing claims to the policy benefits by the secondary beneficiary, Shana Majmudar, Ari Squire's sister.

4.      The Court dismissed this action on October 14, 2009, on its own order, without prejudice because the court found that the facts at that time did not demonstrate a controversy between the parties of "sufficient immediacy" or ripeness to warrant declaratory judgment because the underlying wrongful death litigation implicating certain potential beneficiaries remained pending in Lake County, Illinois.  (*See*, 09 C 2704, Document No. 67, Court Order of October 14,

2009).  The October 14, 2009 order states that FILI should seek reinstatement of the case once the matter is ripe.

5.      On December 9, 2009, the Court cited the October 14, 2009 order when it, again on its own order, dismissed litigation brought by Denise Squire against FILI.  (*See*, 1:09-cv-07496, Document No. 24, Order of December 9, 2009).  The December 9, 2009 order dismissed the action without prejudice and "for the same reasons" and told the parties that the disputes between them were not ripe and instructed them to come back following resolution of the "pending State action."  The "pending State action" refers to the wrongful death litigation brought by the Estate of Justin Newman against Denise Squire.  The December 9, 2009 order also grants leave to reinstate the action once the matter is ripe.  (*Id.*)

6.      The "pending State action" has now been resolved.  On February 25, 2010, the jury in the Squire wrongful death case returned a verdict against Denise Squire finding her liable to the Estate of Justin Newman for conspiring with her husband in the murder-for-fraud scheme.  The jury awarded the Newman Estate $6 million in damages.  (Exhibit A).

7.      Any lack of "ripeness" has been cured.  There is a real and immediate dispute as to Denise Squire's disqualification from recovering under her husband's life insurance policy.  The immediacy of the dispute and the resolution of the Squire wrongful death case warrant reinstatement of this declaratory judgment action.

8.      Upon reinstatement, FILI requests leave of court to: (1) file a First Amended Complaint within twenty-one days of reinstatement of this action; and (2) renew or be allowed leave to refile its motion to reassign (*See*, 1:09-cv-02704, Document No. 69; denied by order at Document No. 70, March 1, 2010).

9.     Courts grant leave to amend "freely… when justice so requires."  Fed.R.Civ.P. 15(a)(2); *Cannon v. Washington*, 418 F.3d 714, 720 (7th Cir. 2005) ("A district court should freely grant plaintiff leave to amend...").  Leave to amend the complaint here is appropriate so that the pleadings can reflect the resolution of the Lake County litigation, including the jury's finding against Mrs. Squire as well as additional facts surrounding the conspiracy to defraud FILI to recover under the $5 million life insurance policy.  Also, these additional facts may support other causes of action related to Ari Squire's undisputed fraud.  Leave to file a First Amended Complaint is consequently appropriate.

10.    FILI also requests leave to renew its motion to reassign Case Numbers 1:09-cv-07496 and 1:10-cv-01058 based on their relatedness to the instant action.  (*See*, 1:09-cv-02704, Docket No. 69).  The Court denied this motion on March 1, 2010 (Docket No. 70) based on the October 14, 2009 dismissal without prejudice.  To the extent the Court allows FILI's motion to reinstate the instant action, the motion to reassign cases based on relatedness is appropriate to avoid a waste of judicial resources on matters arising from the same events and to avoid the possibility of inconsistent results.  FILI consequently requests leave to renew its motion to reassign and a briefing schedule be entered or, if the Court prefers, that FILI be allowed to refile the motion to reassign for presentation at the Court's convenience.

WHEREFORE, Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY respectfully requests that this Court enter an order reinstating this action, allowing FILI leave to

file a First Amended Complaint, permitting FILI to renew its motion to reassign, and such further

relief as the Court deems just and appropriate.


Date: March 19, 2010                            LOCKE LORD BISSELL & LIDDELL LLP

Jennifer A. Kenedy
Mark A. Deptula                                 By   /s/ Mark A. Deptula
LOCKE LORD BISSELL & LIDDELL LLP                     Attorneys For Plaintiff,
111 South Wacker Drive                               FIDELITY INVESTMENTS LIFE
Chicago, IL  60606                                   INSURANCE COMPANY
312-443-0700