**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FIDELITY INVESTMENTS LIFE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CV-02704 |
| | ) | |
| DENISE SQUIRE, THE ESTATE OF JUSTIN | ) | Judge Der-Yeghiayan |
| M. NEWMAN, by and through his mother, | ) | |
| DONNA FIORITO, on her own behalf and as | ) | Magistrate Judge Denlow |
| administrator of his estate, FRANK TESTA, III, | ) | |
| SHANA MAJMUDAR, and JOE VACCARO | ) | |
| | ) | |
| Defendants. | ) | |

**FILI'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF UNDER 28
USC § 2201 AND INTERPLEADER**

NOW COMES Plaintiff, FIDELITY INVESTMENTS LIFE INSURANCE COMPANY

("FILI"), by and through its attorneys, LOCKE LORD BISSELL & LIDDELL LLP, and, as its

First Amended Complaint For Declaratory Relief And Interpleader, states as follows:

**NATURE OF ACTION**

1.      FILI's First Amended Complaint asserts an action for declaratory judgment by

FILI pursuant to 28 U.S.C. § 2201.  FILI requests that the Court resolve the real and immediate

dispute among the parties.  Defendant Denise Squire ("Squire") and Defendant Joe Vaccaro

("Vaccaro") assert that FILI is immediately obligated to pay $5 million in benefits under life

insurance Policy No. TL000-5560 (the "Policy") which insured Ari Squire, deceased.  FILI

disputes whether such benefits are currently or immediately owed on the basis of information

from third parties to the effect that Ari Squire murdered Justin Newman in an attempt to fake his own death and defraud FILI for purposes of recovering under the $5 million Policy, and that Squire and/or Vaccaro or others conspired with or participated in Ari Squire's plan.  A jury has rendered a verdict finding Squire liable to the Estate of Justin Newman and awarded $6 million in damages.  The Estate of Justin Newman has filed in federal court another wrongful death action against Joseph Vaccaro alleging his involvement in the murder and fraud scheme.  Among other things, this information casts doubt on the eligibility of Squire and Vaccaro as beneficiaries and places FILI at risk of receiving competing claims from, among others, the Estate of Justin Newman.  Additionally, to the extent the Court determines that the beneficiaries are not entitled to the benefits under the Policy, FILI requests that the Court resolve the remaining competing claims, if any, to benefits under the Policy.

2.      Pleading in the alternative, FILI asserts an action in interpleader pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335 for a discharge of FILI's liability with respect to the Policy.  Upon the entry of an appropriate order of this Court, FILI is willing to deposit the Policy proceeds with the Court pending resolution of the declaratory judgment action.

3.      Pleading in the alternative, FILI asserts that, based on Ari Squire's intent to conspire with others to defraud FILI at the time of procuring the Policy and/or at the time he changed the beneficiaries by feigning his death and committing murder, the policy has been rendered void from inception or, alternatively, the December, 2006 change of beneficiary designation has been rendered void.

## PARTIES

4.      FILI is an insurance company organized under the laws of the State of Utah having its principle place of business in Boston, Massachusetts. See, Exhibit A, Affidavit of

Edward M. Shea.  Accordingly, for diversity jurisdiction purposes, FILI is a citizen of both the State of Utah and the State of Massachusetts.

5.     Upon information and belief, Squire is or was at all relevant times a resident of Lake Barrington, Illinois and is therefore a citizen of the State of Illinois.  Squire is the insured Ari Squire's wife and was designated as a "Primary Beneficiary" under the Policy.

6.     Upon information and belief, Defendant Shana Majmudar ("Majmudar") is or was at all relevant times a resident of Fox River Grove, Illinois and is therefore a citizen of the State of Illinois.  Majmudar is included in this action as she is identified as a "Secondary Beneficiary" under the Policy as to 100% of the policy benefits.  Upon information and belief, Majmudar is the sister of Ari Squire.  Majmudar's potential claim to 100% of the policy benefits competes or conflicts with the claims asserted by Squire and Vaccaro.

7.     Upon information and belief, Vaccaro is or was at all relevant times a resident of Santa Barbara, California and is therefore a citizen of the State of California.  Vaccaro has submitted a claim for benefits under the Policy and he is therefore a necessary party to this action.

8.     Upon information and belief, Defendant FioRito ("FioRito") is or was at all relevant times a resident of Arlington Heights, Illinois.  FioRito is a necessary party based on her assertion that Squire conspired with the insured, Ari Squire, to murder her son, Justin Newman, in order to collect life insurance proceeds under the Policy.  FioRito has previously attempted to intervene in this action and asserted FILI's liability to Squire.

9.     FioRito is also sued in her capacity as administrator of the Estate of Justin Newman.  The Estate of Justin Newman is a necessary party based on claims brought on behalf

of the Estate that Squire conspired to murder Justin Newman.  Additionally, the Estate of Justin

Newman previously attempted to intervene in this action and asserted FILI's liability to Squire.

      10.    Upon information and belief, Defendant Testa ("Testa") is or was at all relevant

times a resident of Arlington Heights, Illinois.  Testa is a necessary party based on his assertion

that Squire conspired to murder his brother, Justin Newman.  Additionally, Testa previously

attempted to intervene in this action and asserted FILI's liability to Squire.

**JURISDICTION AND VENUE**

      11.    This court has original jurisdiction in that this action meets the diversity of

citizenship and amount in controversy requirements of 28 U.S.C. § 1332 and the Court has

jurisdiction to consider FILI's claim under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Plaintiff and each Defendant are of diverse citizenship and the amount in controversy exceeds

$75,000.

      12.    This Court has original jurisdiction over the statutory interpleader claim under the

Federal Interpleader Act, Title 28, United States Code, Sections 1335, 1397, and 2361.  Pursuant

to 28 U.S.C.A §1335, district courts have original jurisdiction of any civil action of interpleader

or in the nature of interpleader where the amount at issue exceeds $500 and the citizenship of

any one claimant is different from the citizenship of any other claimant.  Here, jurisdiction is

proper as the disputed policy benefits exceed $75,000 and Vaccaro, a citizen of California, is

diverse from all other claimants.

      13.    This court has jurisdiction over the interpleader action under Federal Rule of Civil

Procedure 22 pursuant to 28 U.S.C.A. §1332(a) and under Fed.R.Civ.Pro. 22.  For rule

interpleader, to establish diversity jurisdiction in a federal court, there need only be diversity of

citizenship between the stakeholder, FILI, and all the claimants, and it is irrelevant that certain

claimants are citizens of the same state.  *Stewart Oil Co. v. Sohio Petroleum Co.*, 315 F.2d 759, 762 (7th Cir. 1963)("Under Rule 22 interpleader, diversity of citizenship between [the stakeholder] and all adverse claimants is all that is required.")  Here, the policy benefits exceed $75,000 and the stakeholder, FILI, is a citizen of either Utah or Massachusetts which is diverse from the California and Illinois citizenship of all the potential claimants.

14.     This Court has jurisdiction over FILI's claims asserted under the Declaratory Judgment Act, 28 U.S.C. § 2201 pursuant to this Court's supplemental jurisdiction under 28 U.S.C. §1367(a).  Section 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Accordingly, a federal district court has jurisdiction over all other claims, in addition to the federal interpleader claims asserted, "that derive from a common nucleus of operative fact."  See, *Groce v. Eli Lilly & Co.*, 193 F.3d 496 (7th Cir. 1999).  Here, the common nucleus of operative fact is the alleged conspiracy to defraud FILI.  The alleged conspiracy is the factual basis for the competing claims at issue in the federal interpleader action as well as the dispute over FILI's obligation to pay benefits under the Policy which is the subject of Plaintiff's breach of contract and bad faith claims and FILI's declaratory judgment claim.  The claims are so related that they form part of the same case or controversy and jurisdiction is therefore proper under Section 1367(a).

15.     Venue is proper pursuant to 28 U.S.C.A. §1391(b) as Squire resides within this District and since a substantial part of the events giving rise to these claims took place within this District.

**FACTUAL BACKGROUND**

16.     FILI issued the Policy insuring Ari Squire and incepting on August 12, 1999.  A copy of the Policy is attached as Exhibit B.

17.     The Policy is a term life policy with no cash value.  The Policy provides a death benefit of $5 million ($5,000,000) in the event of Ari Squire's death.

18.     Subject to its conditions, exclusions, and terms, the Policy, by "Beneficiary Change Form" dated December 20, 2006, designates Denise Squire, Ari Squire's wife, as a primary beneficiary to receive eighty percent (80%) of the total benefit or $4 million.  Vaccaro is designated as the other primary beneficiary as to twenty percent (20%) of the total benefit or $1 million.  Majmudar, Ari Squire's sister, is designated as the "Secondary Beneficiary" under the Policy as to 100% of the benefits.

19.     Squire has submitted a claim to FILI asserting her rights under the Policy for benefits she claims are owed based on Ari Squire's March 2, 2008 suicide.

20.     On or about June 17, 2009, Vaccaro submitted a claim to FILI for his share of benefits under the Policy.

21.     Upon information and belief, both Squire and Vaccaro assert that FILI has an immediate obligation to pay benefits under the Policy.  Both have separately sued FILI asserting breach of contract and vexatious delay actions against FILI.

22.     FILI has not paid any proceeds under the Policy.  FILI's investigation into the claims for proceeds under the Policy revealed that there are disputes as to whether Squire and Vaccaro are entitled to recover under the Policy.  Additionally, there are potentially competing claims to the Policy benefits as Majmudar has asserted her rights to policy benefits upon the disqualification of Squire or Vaccaro.

23.     FILI's investigation revealed that on May 8, 2008, Donna FioRito, on her own behalf and as administrator of the Estate of Justin Newman, filed a complaint in the Circuit Court of Cook County against Ari Squire and Denise Squire.  See, *The Estate of Newman v. Squire*, Cook County Docket No. 08-L-5119, Second Amended Complaint attached as Exhibit C (hereinafter the "Newman Litigation").  On August 12, 2008, the matter was transferred to Lake County, Illinois, and is currently pending under Docket No. 08 L 676.

24.     The Second Amended Complaint in the Newman Litigation alleges that Ari and Denise Squire conspired to kill Newman "with the intention of using Mr. Newman's body to fake the death of Ari Squire" for purposes of insurance fraud.  See, Exhibit C, ¶ 2.  The Newman Litigation asserts causes of action against Denise and Ari Squire for Newman's wrongful death and includes claims alleging conspiracy (Count II), willful and wanton conduct (Count VII), intentional infliction of emotional distress (Count VIII), and seeks punitive damages (Count IX). *Id.*

25.     The Court in Lake County entered summary judgment on the issue of liability against the Estate of Ari Squire in the Newman Litigation.  Also, the jury in the Newman Litigation rendered a verdict against Squire and awarded damages of $6 million in favor of FioRito and Testa based on Squire's involvement in the conspiracy.  Exhibit D, Verdict Form dated February 25, 2010.

26.     According to the Second Amended Complaint in the Newman Litigation, Squire's involvement in Mr. Newman's death included, but was not limited to, allegations that on or about February 23, 2008 she furthered the conspiracy to kill Newman and collect the benefits under the Policy by remaining in contact with Ari Squire while he fled to Missouri (¶¶ 23

through 25) after he faked his death and after she had a remembrance dinner in "celebration" of her husband's life.  *Id* at ¶ 28.

27.     The Newman Litigation additionally alleges that on March 2, 2008, Ari Squire shot and killed himself in a motel room "fearing capture" by several local police officers who, after running a license plate check on Newman's car, had proceeded to the motel and knocked on Mr. Squire's motel room door.  *Id* at ¶¶  31 and 32.  The authorities used DNA and fingerprint testing to identify the decedent found in the motel room as Mr. Squire.  *Id* at ¶ 33.

28.     The Second Amended Complaint in the Newman Litigation alleges that Squire is the beneficiary under the Policy and is entitled to payment upon Mr. Squire's death.  *Id* at ¶ 34.

29.     FILI's investigation also revealed various media reports, locally and nationally, setting forth allegations against Ari and Denise Squire similar to those asserted in the Newman Litigation.

30.     As part of the investigation into Squire's claim for benefits, FILI also discovered that the criminal investigation conducted by the Lake County State's Attorney into Mr. Newman's death was ongoing.  FILI learned that Squire's involvement in Mr. Newman's death remains a subject of this criminal investigation.

31.     Upon information and belief, the criminal investigation into Mr. Newman's death, including, but not limited to, Squire's involvement in the death, remains open, active, and ongoing.  Additionally, upon information and belief, the criminal investigation into Squire's involvement in Mr. Newman's death includes an investigation into criminal charges for insurance fraud relating to her claim for benefits under the Policy.

32.     Various media reports have reported that Squire remains the subject of a criminal investigation for insurance fraud related to her alleged role in the death of Mr. Newman.   The

controversy surrounding Justin Newman's murder and the alleged insurance fraud scheme were also the subject of the NBC Dateline broadcast which aired on June 22, 2009 titled "Where there's smoke…"

33.     FILI's investigation into the claim for benefits submitted by Vaccaro is also ongoing.  As part of this investigation, and since filing its original complaint in the declaratory judgment litigation, FILI learned that a witness in the underlying Newman Litigation has given sworn deposition testimony implicating Vaccaro in the insurance fraud scheme.  Also, the Estate of Justin Newman has filed a wrongful death lawsuit against Vaccaro alleging his involvement in a conspiracy with Ari and Denise Squire to defraud FILI.  The litigation against Vaccaro is pending in this Court under Docket No. 1:10-cv-01167 and is assigned to Judge Kocoras.

## COUNT I
### DECLARATORY JUDGMENT THAT DENISE SQUIRE IS DISQUALIFIED FROM RECOVERING UNDER THE POLICY

34.     FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 33 above as the allegations of Paragraph 34.

35.     Squire has submitted a claim for benefits under the Policy.

36.     The Newman Litigation resulted in a verdict against Squire and awarded damages of $6 million for involvement in the conspiracy with her husband to kill Justin Newman in order to commit insurance fraud.  Squire is also the subject of an open and ongoing criminal investigation into her involvement in the death of Justin Newman.  Upon information and belief, this criminal investigation includes an investigation into whether Squire and her husband conspired to kill Justin Newman for purposes of defrauding FILI and collecting benefits under the Policy.

37.     FILI has not paid any benefits to Squire under the Policy.

38.     Squire has asserted an action for breach of contract and vexatious delay against FILI.  (See, Docket No. 1:09-cv-07496).  As a related case to this action, that matter is also pending before Judge Der-Yeghiayan.

39.     FILI disputes that any such benefits under the Policy are owed to Squire based on the jury's verdict against Squire in the wrongful death litigation finding she conspired with her husband and the ongoing criminal investigation.  FILI denies and disputes any alleged vexatious or unreasonable delay.

40.     An immediate and justiciable dispute exists between FILI and Squire as to whether FILI is in breach of the Policy and immediately obligated to pay the benefits to Squire.

41.     There are bona fide disputes regarding both Squire's eligibility as a beneficiary and potentially competing claims of other parties to the death benefits under the Policy.  The Newman Litigation resulted in a finding that Squire conspired to defraud FILI through the murder of Justin Newman.  Illinois law prohibits any individual who "intentionally and unjustifiably causes the death of another" from collecting any "property, benefit, or other interest" as a consequence of the death.  755 ILCS 5/2-6 (West 2010).  The plain language of the statute does not require that the person murdered be the insured; rather, it requires that those involved in the murder not receive any benefit as a consequence of the death.  Moreover, Illinois law prohibits conspiracy to commit insurance fraud.  See 720 ILCS 5/46-3 (West 2010).  Although the statute requires Squire's automatic disqualification from recovering under the Policy, Squire disputes that any alleged wrongful conduct precludes her recovery under the Policy.

42.     Additionally, there are at least three sets of potentially competing claims to the benefits under the Policy:  the named primary beneficiaries Squire and Vaccaro; the contingent

beneficiary Majmudar; and the Newman Estate.  FILI's obligation under the Policy is limited to the $5 million death benefit; FILI only has to pay once.  Accordingly, FILI reasonably seeks the assistance of the Court in resolving these competing claims, either in the form of declaratory relief, or in the form of an interpleader, in which FILI would deposit the Policy benefits with the Court.

WHEREFORE, Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY prays that this Court grant the following relief:

a.      That the Court determine it has jurisdiction over the subject matter and parties to this declaratory judgment action and that a declaratory judgment is appropriate given the dispute among the parties;

b.      That the Court declare the rights and obligations of the parties under the above-mentioned Policy and determine whether Squire is disqualified from collecting benefits under the Policy pursuant to Illinois public policy and Illinois statute 755 ILCS 5/2-6 "Person Causing Death" based on the finding of liability against Squire in the Newman Litigation that Squire was liable for the death of Justin Newman and/or to the extent the criminal investigation results in criminal charges or conviction against Squire related to the death of Justin Newman;

c.      Award and grant FILI its attorneys' fees, costs, and interest at the statutory rate on amounts currently due and owing and on any amounts that become due and owing during the pendency of these proceedings; and

d.      Award and grant such other and further relief as the Court deems just and appropriate under the circumstances.

## COUNT II
### DECLARATORY JUDGMENT REGARDING JOE VACCARO

43.    FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 42 above as the allegations of Paragraph 43.

44.    Vaccaro has submitted a claim for benefits under the Policy.

45.    FILI's investigation into Vaccaro's claim for benefits is ongoing as the wrongful death lawsuit and criminal investigation into Justin Newman's murder continue to push forward.

46.    The Estate of Justin Newman has filed a wrongful death action against Vaccaro in which it is alleged that Vaccaro conspired with Ari and Denise Squire to murder Justin Newman and feign Ari Squire's death for purposes of defrauding FILI.  Also, sworn deposition testimony exists in the underlying Newman Litigation implicating Vaccaro in the plot to defraud FILI.  The deposition testimony of Ari Squire's former business partner, Joe McCulla, is that the benefits under the Policy were to be wired to Vaccaro after Ari Squire feigned his death.

47.    Furthermore, upon information and belief, the nature and extent of Vaccaro's alleged involvement remains a subject, in part, of the criminal investigation and wrongful death litigation.

48.    Vaccaro has asserted that FILI is immediately obligated to pay him benefits under the Policy and has sued FILI for breach of contract.  *See*, Docket No. 10 C 1058.  Vaccaro's action against FILI was reassigned to Judge Der-Yeghiayan because it is related to the present action.  FILI disputes that any such immediate obligation exists.  Consequently, an immediate and justiciable dispute currently exists between FILI and Vaccaro as to whether FILI is immediately obligated to pay any benefits to Vaccaro.

49.    Additionally, a dispute exists between FILI and Vaccaro as to whether Vaccaro's wrongful conduct, if any, forfeits any rights he has to collect benefits under the Policy pursuant

to Illinois law including 755 ILCS 5/2-6 "Person Causing Death" ("A person who intentionally and unjustifiably causes the death of another shall not receive any property, benefits, or other interest by reason of the death…") or is otherwise barred from recovery under Illinois public policy.

WHEREFORE, Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY prays that this Court grant the following relief:

a.      That the Court determine it has jurisdiction over the subject matter and parties to this declaratory judgment action and that a declaratory judgment is appropriate given the dispute among the parties;

b.      That the Court declare the rights and obligations of the parties under the above-mentioned Policy and determine:

(1)     whether FILI is allowed to continue an investigation into the claim for benefits under the Policy while the criminal investigation into Justin Newman's death and insurance fraud remains ongoing;

(2)     whether FILI is allowed to continue an investigation into the claim for benefits under the Policy while the wrongful death litigation brought by the Estate of Justin Newman remains active and pending against Vaccaro; and,

(3)     whether Vaccaro is disqualified from collecting benefits under the Policy pursuant to Illinois statute 755 ILCS 5/2-6 "Person Causing Death" or is otherwise precluded from recovering such benefits under the law or public policy of Illinois to the extent he is found to have been an accomplice in the attempt to defraud FILI for purposes of recovering benefits under the Policy;

c.      Award and grant FILI its attorneys' fees, costs and interest at the statutory rate on amounts currently due and owing and on any amounts that become due and owing during the pendency of these proceedings; and

d.      Award and grant such other and further relief as the Court deems just and appropriate under the circumstances.

## COUNT III
### DECLARATORY JUDGMENT REGARDING SQUIRE, VACCARO, MAJMUDAR, FIORITO AND TESTA

50.     FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 49 above as the allegations of Paragraph 50.

51.     Upon information and belief, Squire, Vaccaro, Majmudar, FioRito, and Testa have asserted competing claims to the benefits under the Policy.

52.     The conflicting demands previously asserted or to be asserted by each regarding the benefits under the Policy create doubt as to the benefits to which each is entitled, if any.  As a result, there is a dispute among the Parties regarding the appropriate payment of benefits under the Policy.

WHEREFORE, Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY prays that this Court resolve the competing claims to benefits under the Policy as set forth herein and respectfully requests that the Court grant the following relief:

a.      That the Court declare the rights and obligations of the Parties under the above-mentioned Policy;

b.      That, if the court shall determine that FILI does have an obligation to pay benefits under the Policy, that FILI and its agents and representatives be discharged and released from all

further liability under the Policy upon FILI's payment of the death benefits in accordance with the further order of this Court;

      c.      Award and grant FILI its attorneys' fees, costs and interest at the statutory rate on amounts currently due and owing and on any amounts that become due and owing during the pendency of these proceedings; and

      d.      Award and grant such other and further relief as the Court deems just and appropriate under the circumstances.

**COUNT IV**
**INTERPLEADER CLAIM**

53.      Pleading in the alternative, FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 52 above as the allegations of Paragraph 53.

54.      Upon information and belief, each Defendant claims to have an interest in the proceeds or benefits due under the Policy.

55.      The conflicting demands asserted by each Defendant regarding these benefits creates doubt as to which Defendant is entitled to the benefits.

56.      Upon further appropriate order of this Court, FILI is prepared to tender to this Court the sum of $5 million ($5,000,000) representing the benefits available under the Policy.

WHEREFORE, Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY respectfully requests:

      a.      That the Court determine it has jurisdiction over the subject matter and parties to this interpleader, that an interpleader is appropriate in light of FILI's demonstrated exposure to multiple, conflicting claims, and that all claimants to the death proceeds and accrued interest are before this Honorable Court;

b.      That Squire, Estate of Newman, FioRito, Testa, Majmudar, and Vaccaro severally determine to which of them the death proceeds rightfully belong and are payable;

c.      That FILI be permitted to pay the death benefits and accrued interest to the Clerk for the United States District Court for the Northern District of Illinois, or to such other officer or person as this Honorable Court may direct, for the benefit of such person or persons as appear to be entitled to it, and subject to the further order of this Honorable Court;

d.      That, if the Court shall determine that FILI does have an obligation to pay benefits under the Policy, that FILI and its agents and representatives be discharged and released from all further liability under the Policy upon FILI's depositing of the death benefits in accordance with the further appropriate order of this Court; and

e.      That FILI be awarded its costs and such other relief as this Court deems necessary and proper.

### COUNT V
### DECLARATION THAT FILI'S POLICY IS VOID OR THAT
### THE BENEFICIARY CHANGE IS VOID

57.      Pleading in the alternative, FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 56 above as the allegations of Paragraph 57.

58.      FILI issued life insurance Policy No. TL-000-5560 (the "Policy") insuring Ari Squire and incepting on August 12, 1999.

59.      Ari Squire amended the Policy on December 20, 2006 to reflect a change of beneficiary.  This change of beneficiary revoked any previous beneficiary designations and all prior methods of settlement requests under the Policy.

60.      On December 20, 2006, Ari Squire designated his wife, Denise Squire, as beneficiary as to 80% of the Policy benefits and designated Joe Vaccaro a 20% beneficiary under

the Policy.   Additionally, Ari Squire designated his sister, Shana Majmudar, as a secondary

beneficiary as to 100% of the Policy benefits.

61.     In the Newman Litigation the Estate of Justin Newman alleged that Ari Squire

had a "practice of engaging in fraudulent financial activity" (Exhibit E, relevant excerpts of the

Newman Estate's "Response to Second Motion to Quash Subpoena"), that Ari Squire's plan to

fake his own death was "premeditated and well-planned out" (Exhibit F, "Petition to Intervene"

in Federal Criminal Case, 06 CR 303), and that "[i]n all likelihood, Ari Squire had help in

carrying out the crime." (Exhibit F, p. 5).

62.     In the Newman Litigation, the Estate of Justin Newman also alleged that the Ari

Squire plot existed by at least January 18, 2006, several months before the December 20, 2006,

change of beneficiary from was completed.   The allegations in the Newman Litigation are that

Ari Squire appeared to write his wife, Denise Squire, a letter dated January 18, 2006 which she

was supposed to open upon his "death."   The letter, which specifically references Ari Squire's $5

million life insurance policy and the $1 million "given" to Vaccaro instructs:

> Don't put the money into one of our accounts, make sure it is in your name only,
> call [our accountant] and ask for his help on how to protect it from the case (i.e.,
> make sure it is not in my estate).

(Exhibit E, p. 4 citing Exhibit E to the motion).   According to this note, a $450,000

obligation was due to Diesel Capital Ventures, Brian Wegner, on February 22, 2008,

which was notably the day before Ari Squire's February 23, 2008 murder of Justin

Newman to feign his own death.   After paying this debt, according to the letter, Denise

would be left with "roughly $3.5 mill... to live freely."   *Id*

63.     The allegations in the Newman Litigation are that Ari Squire's plan "may have

gone back more than three years, to January 2006" (Exhibit E, p. 4) and that the Squire's

financial and legal troubles go back to at least 2005 when the United States filed a civil lawsuit against Ari Squire and AccuCare for defrauding Medicare in an amount exceeding $2.4 million beginning in 1998 and continuing until at least December 2000.  *Id* at 7.  This 1998 to 2000 "fraud scheme" was the subject of the United States Government's Complaint against Ari Squire. (*See,* Exhibit E, attaching the Complaint against Ari Squire and AccuCare, Docket No. 05 C 3781, at Exhibit K, p. 6, "The Fraud Scheme").  According to the Newman Litigation, the "couple incurred approximately $200,000-$250,000 in legal fees" and Ari Squire was ordered to pay $63,000 in restitution to the United States while also being ordered to five years of probation and six months of house arrest in December 2007.  *Id*.

64.     The Newman Litigation alleged that Ari Squire and Denise Squire were "facing debts in excess of $2 million at the time" of Justin Newman's murder.  (Exhibit E, p. 9).

65.     There are additional allegations in the Newman Litigation that Nolan Behavioral Health, previously operated by Forest Hospital, until Ari Squire and his father, Morris, had to sell it to Maryville Academy in 1999 in the wake of a successful multi-million dollar whistleblower suit.  (Exhibit G, Newman Estate's "Response to Defendant's Motion to Quash Subpoena" dated March 6, 2009, p. 5, citing "Hospital's Sale Will Pay Fraud Settlement, Maryville to Purchase Forest for $10 Million," Chicago Tribune, Aug. 18, 1999, 1999 WL 6719367).  Upon information and belief, Ari Squire was an administrator of Forest Hospital prior to the 1999 sale.  *Id* at fn 4.

66.     The Newman Litigation asserted that the plea agreement entered in Ari Squire's criminal case (06 CR 303) confirms his fraudulent conduct in billing medicare from at least January 1998 through 2001.  (Exhibit E, attaching Plea Agreement at Exhibit L).

67.     The recent allegations in the Newman Litigation, including those set forth above, evidence a fraud scheme requiring FILI to investigate whether, at the time Ari Squire procured the Policy, he intended to defraud FILI by conspiring with others, including Denise Squire and Joe Vaccaro, to feign his death for purposes of recovering $5 million in benefits under the Policy.

68.     Additionally, the allegations in the Newman Litigation, including those set forth above, evidence that at the time Ari Squire changed the beneficiaries under the Policy, he intended to defraud FILI by conspiring with others, including Denise Squire and Joe Vaccaro, to feign his death for purposes of recovering $5 million in benefits under the Policy.

69.     The procurement of the Policy with the intent to feign his death and/or commit murder and defraud FILI voids the policy from inception.

70.     The change of beneficiaries under the Policy with the intent to conspire with the beneficiaries to feign his death and/or commit murder and defraud FILI out of the Policy benefits voids the change of beneficiary designation.

WHEREFORE, Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY respectfully requests:

a.     That the Court determine it has jurisdiction over the subject matter and parties to this action;

b.     That the Court declare the Policy void from inception or, alternatively, the change of beneficiary designation void, based on Ari Squire's intent to conspire with others to defraud FILI at the time of procuring the Policy or changing beneficiaries by feign his death and committing murder;

      c.      Award and grant FILI its attorneys' fees, costs and interest at the statutory rate on amounts currently due and owing and on any amounts that become due and owing during the pendency of these proceedings; and

      d.      Award and grant such other and further relief as the Court deems just and appropriate under the circumstances.

Date:  April 19, 2010                LOCKE LORD BISSELL & LIDDELL LLP

Jennifer A. Kenedy
Mark A. Deptula
LOCKE LORD BISSELL & LIDDELL LLP     By _/s/ Jennifer A Kenedy_____
111 South Wacker Drive               Attorneys For Plaintiff,
Chicago, IL  60606                  FIDELITY INVESTMENTS LIFE
312-443-0700                      INSURANCE COMPANY