IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY INVESTMENTS LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No.  09 C 2704 |
| v. | ) ) | Judge Der-Yeghiayan |
| DENISE SQUIRE, SHANA MAJMUDAR, JOE VACCARO, ESTATE OF JUSTIN NEWMAN, by and through his mother, DONNA FIORITO, on her own behalf and as administrator of his estate, and FRANK TESTA, | ) ) ) ) ) ) ) ) | Magistrate Judge Denlow |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION DISMISS PLAINTIFF'S
AMENDED COMPLAINT WITHOUT PREJUDICE**

NOW COME Defendants, ESTATE OF JUSTIN NEWMAN, DONNA FIORITO, and FRANK TESTA, by and through their attorneys, LOEVY & LOEVY, and move this Court to Dismiss Plaintiff's Amended Complaint without prejudice.  In support, Defendants state as follows:

**Background**

1.   As this Court is aware, this case involves a $5 million life insurance policy (hereinafter, the "Policy") the payment under which was triggered by the death of the insured, Ari Squire.

2.   The present movants consist of the family of Justin Newman, the young man who was murdered by Mr. Squire (hereinafter, "the Newmans").

3.    In May 2008, the Newmans brought a civil action in Lake County, Illinois, against the primary beneficiary of the Policy, Mr. Squire's wife Denise Squire, as well as the Estate of Ari Squire.

4.    While the Newmans' civil lawsuit was pending, Plaintiff Fidelity Investments Life Insurance (FILI) filed the instant action for declaratory judgment.

5.    On October 14, 2009, this Court dismissed the instant declaratory judgment action without prejudice on ripeness grounds in light of the pending Lake County litigation.  See Document No. 67.

6.    On March 25, 2010, after the Lake County action had concluded, this Court granted FILI's motion to reinstate the declaratory judgment action.

## Discussion

7.    The declaratory judgment action calls upon the Court to adjudicate the rights of the following parties under the Policy:

**Denise Squire**, Mr. Squire's wife and the beneficiary of $4 million under the Policy;

**The Newmans**, who now stand as the real parties in interest, having obtained a civil judgment against Ms. Squire and the Estate of Ari Squire in the amount of $6 million;

**Joseph Vacarro**, the beneficiary of the final $1 million under the $5 million Policy;

2

**Shana Majmudar,** Mr. Squire's sister and the contingent beneficiary of the Policy (who is now claiming that she is entitled to the entire policy); and

**Estate of Ari Squire,** a $6 judgment debtor to the Newmans, and the $5 million beneficiary under the Policy in the event that Denise Squire, Joseph Vacarro, and Shana Majmudar are all disqualified.

8.   As stated, this Court previously dismissed this action without prejudice pending the resolution of the Newman's claims against Ms. Squire, which have now been resolved.

9.   More recently, however, there has been a new development which justifies the same relief.  Specifically, the Newmans have brought a civil action in Lake County against Ms. Majmudar, alleging that she, too, conspired with her brother to fake his death, resulting in injury to Justin Newman.  See Exhibit A (Complaint, <u>Estate of Newman v. Majmudar</u>).

10.   The very same considerations that dictated deferring the commencement of this declaratory judgment action until the prior Lake County action was resolved are equally present now.  The new Lake County action accuses Ms. Majmudar of the same conduct that she now alleges disqualifies Denise Squire from collecting under the Policy.  To the extent that Ms. Majmudar's position is that the alleged conduct has any relevance to Ms. Squire's rights under the Policy, the alleged conduct is

likewise relevant to Ms. Majmudar's rights.[1]

11.   Put another way, if the Court were to proceed with the declaratory judgment action at this time, it would not have the benefit of the final factual adjudication that might bear on the parties' respective rights under the policy.

12.   For these reasons, this action should be dismissed without prejudice until the Estate of Newman v. Majmudar matter is resolved.

13.   Dismissal in this manner would prejudice no one.


WHEREFORE, Defendants Estate of Justin Newman, Donna FioRito, and Frank Testa respectfully request that this Court dismiss the instant action without prejudice.

---

[1]   The Newmans also sued beneficiary Joe Vacarro, a related matter now pending before Judge Kocoras.  See Estate of Newman v. Joseph Vacarro, Case No. 10 C 1167.  That case is in the process of being settled.

RESPECTFULLY SUBMITTED:


_____/s/ Jon Loevy_____
Attorneys for Defendants Estate of
Newman, Donna FioRito, and Frank Testa


Arthur Loevy
Jon Loevy
Mike Kanovitz
Elizabeth Mazur
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900


## CERTIFICATE OF SERVICE

I, Elizabeth Mazur, an attorney, certify that on April 27, 2010, I served this document on all counsel of record via the ECF system.

_____/s/ Elizabeth Mazur_____