**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FIDELITY INVESTMENTS LIFE )
INSURANCE COMPANY )
                      )
      Plaintiff, )
                      )
      vs. )              No. 09 cv 02704
                      )
DENISE SQUIRE, THE ESTATE OF JUSTIN )
M. NEWMAN, by and through his mother, )     Judge Der-Yeghiayan
DONNA FIORITO, on her own behalf and as )
administrator of his estate, FRANK TESTA, III, )
SHANA MAJMUDAR, and JOE VACCARO )
                      )
      Defendants. )
                      )

**DEFENDANT SHANA MAJMUDAR'S ANSWER,
AFFIRMATIVE DEFENSE AND COUNTERCLAIM
TO FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
UNDER 28 USC § 2201 AND INTERPLEADER**

     Defendant, Shana Majmudar ("Majmudar"), by and through her attorneys, J. Timothy

Eaton, Cary Donham, and Barton O'Brien, hereby submits her Answer, Affirmative Defense and

Counterclaim to Plaintiff's First Amended Complaint for Declaratory Relief Under 28 U.S.C. §

2201 and Interpleader, and states as follows

**Nature of Action**

     1.    FILI's First Amended Complaint asserts an action for declaratory judgment by
FILI pursuant to 28 U.S.C. § 2201. FILI requests that the Court resolve the real and immediate
dispute among the parties. Defendant Denise Squire ("Squire") and Defendant Joe Vaccaro
("Vaccaro") assert that FILI is immediately obligated to pay $5 million in benefits under life
insurance Policy No. TLOOO-5560 (the "Policy") which insured Ari Squire, deceased.  FILI
disputes whether such benefits are currently or immediately owed on the basis of information
from third parties to the effect that Ari Squire murdered Justin Newman in an attempt to fake his
own death and defraud FILI for purposes of recovering under the $5 million Policy, and that
Squire and/or Vaccaro or others conspired with or participated in Ari Squire's plan.  A jury has
rendered a verdict finding Squire liable to the Estate of Justin Newman and awarded $6 million
in damages.  The Estate of Justin Newman has filed in federal court another wrongful death
action against Joseph Vaccaro alleging his involvement in the murder and fraud scheme.  Among

other things, this information casts doubt on the eligibility of Squire and Vaccaro as beneficiaries and places FILI at risk of receiving competing claims from, among others, the Estate of Justin Newman. Additionally, to the extent the Court determines that the beneficiaries are not entitled to the benefits under the Policy, FILI requests that the Court resolve the remaining competing claims, if any, to benefits under the Policy.

**ANSWER:**   Ms. Majmudar admits the allegations in Paragraph 1 as to the nature of the action

and the relief sought by Plaintiff.  Answering further, Ms. Majmudar admits that Ms. Squire is

disqualified from seeking benefits under the Policy, that Mr. Vaccaro may be so disqualified, and

that as the secondary beneficiary under the Policy, she is entitled to be paid the benefits of the

Policy.  Ms. Majmudar is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 1.


2.      Pleading in the alternative, FILI asserts an action in interpleader pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335 for a discharge of FILI's liability with respect to the Policy.  Upon the entry of an appropriate order of this Court, FILI is willing to deposit the Policy proceeds with the Court pending resolution of the declaratory judgment action.

**ANSWER:**   Ms. Majmudar admits the allegation in Paragraph 2 as to the alternative action for

interpleader assert by Plaintiff.  Ms. Majmudar is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 2.


3.      Pleading in the alternative, FILI asserts that, based on Ari Squire's intent to conspire with others to defraud FILI at the time of procuring the Policy and/or at the time he changed the beneficiaries by feigning his death and committing murder, the Policy has been rendered void from inception or, alternatively, the December, 2006 change of beneficiary designation has been rendered void.

**ANSWER:**   Ms. Majmudar admits the allegations in Paragraph 3 as to the alternative nature of

this action asserted by Plaintiff.  Ms. Majmudar, denies that the Policy has been rendered void, or

that she engaged in any alleged conspiracy to defraud.

## Parties

4.     FILI is an insurance company organized under the laws of the State of Utah having its principle place of business in Boston, Massachusetts.  See, Exhibit A, Affidavit of Edward M. Shea.  Accordingly, for diversity jurisdiction purposes, FILI is a citizen of both the State of Utah and the State of Massachusetts.

**ANSWER:**     On information and belief, Ms. Majmudar admits the allegations in Paragraph 4.

5.     Upon information and belief, Squire is or was at all relevant times a resident of Lake Barrington, Illinois and is therefore a citizen of the State of Illinois.  Squire is the insured Ari Squire's wife and was designated as a "Primary Beneficiary" under the Policy.

**ANSWER:**     Ms. Majmudar admits the allegations in Paragraph 5.

6.     Upon information and belief, Defendant Shana Majmudar ("Majmudar") is or was at all relevant times a resident of Fox River Grove, Illinois and is therefore a citizen of the State of Illinois.  Majmudar is included in this action as she is identified as a "Secondary Beneficiary" under the Policy as to 100% of the policy benefits.  Upon information and belief, Majmudar is the sister of Ari Squire.  Majmudar's potential claim to 100% of the policy benefits competes or conflicts with the claims asserted by Squire and Vaccaro.

**ANSWER:**     Ms. Majmudar admits the allegations in Paragraph 6.

7.     Upon information and belief, Vaccaro is or was at all relevant times a resident of Santa Barbara, California and is therefore a citizen of the State of California.  Vaccaro has submitted a claim for benefits under the Policy and he is therefore a necessary party to this action.

**ANSWER:**     Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.     Upon information and belief, Defendant FioRito ("FioRito") is or was at all relevant times a resident of Arlington Heights, Illinois.  FioRito is a necessary party based on her assertion that Squire conspired with the insured, Ari Squire, to murder her son, Justin Newman, in order to collect life insurance proceeds under the Policy.  FioRito has previously attempted to intervene in this action and asserted FILI's liability to Squire.

**ANSWER:**     Ms. Majmudar denies that FioRito is a necessary party and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9.      FioRito is also sued in her capacity as administrator of the Estate of Justin Newman.  The Estate of Justin Newman is a necessary party based on claims brought on behalf of the Estate that Squire conspired to murder Justin Newman.  Additionally, the Estate of Justin Newman previously attempted to intervene in this action and asserted FILI's liability to Squire.

**ANSWER:**    Ms. Majmudar denies that the Estate of Justin Newman is a necessary party and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9

10.      Upon information and belief, Defendant Testa ("Testa") is or was at all relevant times a resident of Arlington Heights, Illinois. Testa is a necessary party based on his assertion that Squire conspired to murder his brother, Justin Newman.   Additionally, Testa previously attempted to intervene in this action and asserted FILI's liability to Squire.

**ANSWER:**    Ms. Majmudar denies that Testa is a necessary party and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

## Jurisdiction and Venue

11.      This court has original jurisdiction in that this action meets the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332 and the Court has jurisdiction to consider FILI's claim under the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff and each Defendant are of diverse citizenship and the amount in controversy exceeds $75,000.

**ANSWER:**    On information and belief, Ms. Majmudar admits the allegations in Paragraph 11.

12.      This Court has original jurisdiction over the statutory interpleader claim under the Federal Interpleader Act, Title 28, United States Code, Sections 1335, 1397, and 2361.  Pursuant to 28 U.S.C.A §1335, district courts have original jurisdiction of any civil action of interpleader or in the nature of interpleader where the amount at issue exceeds $500 and the citizenship of any one claimant is different from the citizenship of any other claimant.  Here, jurisdiction is proper as the disputed policy benefits exceed $75,000 and Vaccaro, a citizen of California, is diverse from all other claimants.

**ANSWER:**    Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     This court has jurisdiction over the interpleader action under Federal Rule of Civil Procedure 22 pursuant to 28 U.S.C.A. § 1332(a) and under Fed.R.Civ.Pro. 22.   For rule interpleader, to establish diversity jurisdiction in a federal court, there need only be diversity of citizenship between the stakeholder, FILI, and all the claimants, and it is irrelevant that certain claimants are citizens of the same state.   Stewart Oil Co. v. Sohio Petroleum Co., 315 F.2d 759, 762 (7th Cir. 1963) ("Under Rule 22 interpleader, diversity of citizenship between [the stakeholder] and all adverse claimants is all that is required.")   Here, the policy benefits exceed $75,000 and the stakeholder, FILI, is a citizen of either Utah or Massachusetts which is diverse from the California and Illinois citizenship of all the potential claimants.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.


14.     This Court has jurisdiction over FILI's claims asserted under the Declaratory Judgment Act, 28 U.S.C. § 2201 pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).   Section 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Accordingly, a federal district court has jurisdiction over all other claims, in addition to the federal interpleader claims asserted, "that derive from a common nucleus of operative fact."   See, Groce v. Eli Lilly & Co., 193 F.3d 496 (7th Cir. 1999).   Here, the common nucleus of operative fact is the alleged conspiracy to defraud FILI.   The alleged conspiracy is the factual basis for the competing claims at issue in the federal interpleader action as well as the dispute over FILI's obligation to pay benefits under the Policy which is the subject of Plaintiff s breach of contract and bad faith claims and FILI's declaratory judgment claim.   The claims are so related that they form part of the same case or controversy and jurisdiction is therefore proper under Section 1367(a).

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.


15.     Venue is proper pursuant to 28 U.S.C.A. §1391(b) as Squire resides within this District and since a substantial part of the events giving rise to these claims took place within this District.

**ANSWER:**   Ms. Majmudar admits the allegations in Paragraph 15.


### Factual Background

16.     FILI issued the Policy insuring Ari Squire and incepting on August 12, 1999.   A copy of the Policy is attached as Exhibit B.

**ANSWER:**   Ms. Majmudar admits the allegations in Paragraph 16.

17.   The Policy is a term life policy with no cash value.  The Policy provides a death benefit of $5 million ($5,000,000) in the event of Ari Squire's death.

**ANSWER:**   Ms. Majmudar admits the allegations in Paragraph 17.

18.   Subject to its conditions, exclusions, and terms, the Policy, by "Beneficiary Change Form" dated December 20, 2006, designates Denise Squire, Ari Squire's wife, as a primary beneficiary to receive eighty percent (80%) of the total benefit or $4 million.  Vaccaro is designated as the other primary beneficiary as to twenty percent (20%) of the total benefit or $1 million.  Majmudar, Ari Squire's sister, is designated as the "Secondary Beneficiary" under the Policy as to 100% of the benefits.

**ANSWER:**   Ms. Majmudar admits the allegations in Paragraph 18.

19.   Squire has submitted a claim to FILI asserting her rights under the Policy for benefits she claims are owed based on Ari Squire's March 2, 2008 suicide.

**ANSWER:**   On information and belief, Ms. Majmudar admits the allegations in Paragraph 19.

20.   On or about June 17, 2009, Vaccaro submitted a claim to FILI for his share of benefits under the Policy.

**ANSWER:**   On information and belief, Ms. Majmudar admits the allegations in Paragraph 20.

21.   Upon information and belief, both Squire and Vaccaro assert that FILI has an immediate obligation to pay benefits under the Policy.  Both have separately sued FILI asserting breach of contract and vexatious delay actions against FILI.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21.  Ms. Majmudar admits the allegations of the second sentence of Paragraph 21.

22.   FILI has not paid any proceeds under the Policy. FILI's investigation into the claims for proceeds under the Policy revealed that there are disputes as to whether Squire and Vaccaro are entitled to recover under the Policy.  Additionally, there are potentially competing claims to the Policy benefits as Majmudar has asserted her rights to policy benefits upon the disqualification of Squire or Vaccaro.

**ANSWER:**   Ms. Majmudar admits that she has asserted her rights to benefits under the subject

policy, and that Plaintiff has acknowledged notice of Ms. Majmudar's claim for benefits.  Ms.

Majmudar denies that there are any valid claims to the Policy proceeds other than hers, and is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 22.

23.    FILI's investigation revealed that on May 8, 2008, Donna FioRito, on her own behalf and as administrator of the Estate of Justin Newman, filed a complaint in the Circuit Court of Cook County against Ari Squire and Denise Squire. See, The Estate of Newman v. Squire, Cook County Docket No. 08-L-5119, Second Amended Complaint attached as Exhibit C (hereinafter the "Newman Litigation").  On August 12, 2008, the matter was transferred to Lake County, Illinois, and is currently pending under Docket No. 08 L 676.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 23.

24.    The Second Amended Complaint in the Newman Litigation alleges that Ari and Denise Squire conspired to kill Newman "with the intention of using Mr. Newman's body to fake the death of Ari Squire" for purposes of insurance fraud. See, Exhibit C, If 2.  The Newman Litigation asserts causes of action against Denise and Ari Squire for Newman's wrongful death and includes claims alleging conspiracy (Count II), willful and wanton conduct (Count VII), intentional infliction of emotional distress (Count VIII), and seeks punitive damages (Count IX). *Id.*

**ANSWER:**   Ms. Majmudar admits the allegations in Paragraph 24.

25.    The Court in Lake County entered summary judgment on the issue of liability against the Estate of Ari Squire in the Newman Litigation. Also, the jury in the Newman Litigation rendered a verdict against Squire and awarded damages of $6 million in favor of FioRito and Testa based on Squire's involvement in the conspiracy. Exhibit D, Verdict Form dated February 25, 2010.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as

to the truth of the allegations in the first sentence of Paragraph 25.  On information and belief,

Ms. Majmudar admits the allegations of the second sentence of paragraph 25.

26.     According to the Second Amended Complaint in the Newman Litigation, Squire's involvement in Mr. Newman's death included, but was not limited to, allegations that on or about February 23, 2008 she furthered the conspiracy to kill Newman and collect the benefits under the Policy by remaining in contact with Ari Squire while he fled to Missouri (¶¶23 through 25) after he faked his death and after she had a remembrance dinner in "celebration" of her husband's life. *Id* at ¶28.

**ANSWER:**   Ms. Majmudar admits that Paragraph 26 fairly summarizes the referenced allegations of the Second Amended Complaint filed in the Newman Litigation.

27.     The Newman Litigation additionally alleges that on March 2, 2008, Ari Squire shot and killed himself in a motel room "fearing capture" by several local police officers who, after running a license plate check on Newman's car, had proceeded to the motel and knocked on Mr. Squire's motel room door. *Id* at ¶¶31 and 32. The authorities used DNA and fingerprint testing to identify the decedent found in the motel room as Mr. Squire. *Id* at ¶33.

**ANSWER:**   Ms. Majmudar admits that Paragraph 27 fairly summarizes the referenced allegations of the Second Amended Complaint filed in the Newman Litigation.

28.     The Second Amended Complaint in the Newman Litigation alleges that Squire is the beneficiary under the Policy and is entitled to payment upon Mr. Squire's death. *Id* at ¶34.

**ANSWER:**   Ms. Majmudar admits that Paragraph 28 fairly summarizes the referenced allegations of the Second Amended Complaint filed in the Newman Litigation.

29.     FILI's investigation also revealed various media reports, locally and nationally, setting forth allegations against Ari and Denise Squire similar to those asserted in the Newman Litigation.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     As part of the investigation into Squire's claim for benefits, FILI also discovered that the criminal investigation conducted by the Lake County State's Attorney into Mr. Newman's death was ongoing. FILI learned that Squire's involvement in Mr. Newman's death remains a subject of this criminal investigation.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Upon information and belief, the criminal investigation into Mr. Newman's death, including, but not limited to, Squire's involvement in the death, remains open, active, and ongoing.  Additionally, upon information and belief, the criminal investigation into Squire's involvement in Mr. Newman's death includes an investigation into criminal charges for insurance fraud relating to her claim for benefits under the Policy.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 31.

32.     Various media reports have reported that Squire remains the subject of a criminal investigation for insurance fraud related to her alleged role in the death of Mr. Newman.  The controversy surrounding Justin Newman's murder and the alleged insurance fraud scheme were also the subject of the NBC Dateline broadcast which aired on June 22, 2009 titled "Where there's smoke..."

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 32.

33.     FILI's investigation into the claim for benefits submitted by Vaccaro is also ongoing. As part of this investigation, and since filing its original complaint in the declaratory judgment litigation, FILI learned that a witness in the underlying Newman Litigation has given sworn deposition testimony implicating Vaccaro in the insurance fraud scheme.  Also, the Estate of Justin Newman has filed a wrongful death lawsuit against Vaccaro alleging his involvement in a conspiracy with Ari and Denise Squire to defraud FILI. The litigation against Vaccaro is pending in this Court under Docket No. 1:10-cv-O1 167 and is assigned to Judge Kocoras.

**ANSWER:**   Ms. Majmudar admits the allegations of the third and fourth sentences of

Paragraph 33 and is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 33.

## Count I

### Declaratory Judgment That Denise Squire Is Disqualified
### From Recovering Under the Policy

34.     FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 33 above as the allegations of Paragraph 34.

**ANSWER:**   Ms. Majmudar incorporates by reference her answers to Paragraphs 1 through 33

above as her answer to Paragraph 34.

9

35.     Squire has submitted a claim for benefits under the Policy.

**ANSWER:**   On information and belief, Ms. Majmudar admits the allegations contained in

Paragraph 35.


36.     The Newman Litigation resulted in a verdict against Squire and awarded damages of $6 million for involvement in the conspiracy with her husband to kill Justin Newman in order to commit insurance fraud.   Squire is also the subject of an open and ongoing criminal investigation into her involvement in the death of Justin Newman.  Upon information and belief, this criminal investigation includes an investigation into whether Squire and her husband conspired to kill Justin Newman for purposes of defrauding FILI and collecting benefits under the Policy.

**ANSWER:**   Ms. Majmudar admits the allegations of the first sentence of paragraph 36 and is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 36.


37.     FILI has not paid any benefits to Squire under the Policy.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 37.


38.     Squire has asserted an action for breach of contract and vexatious delay against FILI. (See, Docket No. 1:09-cv-07496).   As a related case to this action, that matter is also pending before Judge Der-Yeghiayan.

**ANSWER:**   Ms. Majmudar admits the allegations contained in Paragraph 38.


39.     FILI disputes that any such benefits under the Policy are owed to Squire based on the jury's verdict against Squire in the wrongful death litigation finding she conspired with her husband and the ongoing criminal investigation. FILI denies and disputes any alleged vexatious or unreasonable delay.

**ANSWER:**   Ms. Majmudar admits the Squire is disqualified from receiving any benefits as a

result of her participation in the conspiracy to murder Justin Newman and is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 39.

40.     An immediate and justiciable dispute exists between FILI and Squire as to whether FILI is in breach of the Policy and immediately obligated to pay the benefits to Squire.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.     There are bona fide disputes regarding both Squire's eligibility as a beneficiary and potentially competing claims of other parties to the death benefits under the Policy.  The Newman Litigation resulted in a finding that Squire conspired to defraud FILI through the murder of Justin Newman. Illinois law prohibits any individual who "intentionally and unjustifiably causes the death of another" from collecting any "property, benefit, or other interest" as a consequence of the death. 755 ILCS 5/2-6 (West 2010).  The plain language of the statute does not require that the person murdered be the insured; rather, it requires that those involved in the murder not receive any benefit as a consequence of the death. Moreover, Illinois law prohibits conspiracy to commit insurance fraud.   See 720 ILCS 5/46-3 (West 2010). Although the statute requires Squire's automatic disqualification from recovering under the Policy, Squire disputes that any alleged wrongful conduct precludes her recovery under the Policy.

**ANSWER:**   Ms. Majmudar admits the allegations of the first six sentences of paragraph 41 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41.

42.     Additionally, there are at least three sets of potentially competing claims to the benefits under the Policy: the named primary beneficiaries Squire and Vaccaro; the contingent beneficiary Majmudar; and the Newman Estate. FILI's obligation under the Policy is limited to the $5 million death benefit; FILI only has to pay once.  Accordingly, FILI reasonably seeks the assistance of the Court in resolving these competing claims, either in the form of declaratory relief, or in the form of an interpleader, in which FILI would deposit the Policy benefits with the Court.

**ANSWER:**   Ms. Majmudar admits that she has made a claim for benefits under the Policy, that Plaintiff has acknowledged notice of Ms. Majmudar's claim for benefits, and that she is entitled to be paid benefits under the Policy, and states that none of the other allegedly competing claims to benefits under the Policy are valid or have merit.  Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42.

## Count II

## Declaratory Judgment Regarding Joe Vaccaro

43.     FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 42 above as the allegations of Paragraph 43.

**ANSWER:**   Ms. Majmudar incorporates by reference her answers to Paragraphs 1 through 42 above as her answer to Paragraph 43.

44.     Vaccaro has submitted a claim for benefits under the Policy.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.     FILI's investigation into Vaccaro's claim for benefits is ongoing as the wrongful death lawsuit and criminal investigation into Justin Newman's murder continue to push forward.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46.     The Estate of Justin Newman has filed a wrongful death action against Vaccaro in which it is alleged that Vaccaro conspired with Ari and Denise Squire to murder Justin Newman and feign Ari Squire's death for purposes of defrauding FILI.  Also, sworn deposition testimony exists in the underlying Newman Litigation implicating Vaccaro in the plot to defraud FILI.  The deposition testimony of Ari Squire's former business partner, Joe McCulla, is that the benefits under the Policy were to be wired to Vaccaro after Ari Squire feigned his death.

**ANSWER:**   On information and belief, Ms. Majmudar admits the allegations contained in Paragraph 46.

47.     Furthermore, upon information and belief, the nature and extent of Vaccaro's alleged involvement remains a subject, in part, of the criminal investigation and wrongful death litigation.

**ANSWER:**   Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48.    Vaccaro has asserted that FILI is immediately obligated to pay him benefits under the Policy and has sued FILI for breach of contract. See, Docket No. 10 C 1058.  Vaccaro's action against FILI was reassigned to Judge Der-Yeghiayan because it is related to the present action. FILI disputes that any such immediate obligation exists.  Consequently, an immediate and justiciable dispute currently exists between FILI and Vaccaro as to whether FILI is immediately obligated to pay any benefits to Vaccaro.

**ANSWER:**    Ms. Majmudar admits the allegations of the first two sentences of Paragraph 48,

and is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 48.


49.    Additionally, a dispute exists between FILI and Vaccaro as to whether Vaccaro's wrongful conduct, if any, forfeits any rights he has to collect benefits under the Policy pursuant to Illinois law including 755 ILCS 5/2-6 "Person Causing Death" ("A person who intentionally and unjustifiably causes the death of another shall not receive any property, benefits, or other interest by reason of the death...") or is otherwise barred from recovery under Illinois public policy.

**ANSWER:**    Ms. Majmudar is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 49.


## Count III

### Declaratory Judgment Regarding Squire, Vaccaro, Majmudar, FioRito and Testa

50.    FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 49 above as the allegations of Paragraph 50.

**ANSWER:**    Ms. Majmudar incorporates by reference her answers to Paragraphs 1 through 49

above as her answer to paragraph 50.


51.    Upon information and belief, Squire, Vaccaro, Majmudar, FioRito, and Testa have asserted competing claims to the benefits under the Policy.

**ANSWER:**    Ms. Majmudar admits that she has asserted a valid claim to the benefits under the

Policy, admits that the other defendants have asserted claims for benefits under the Policy but

denies that the claims are valid or have merit.

13

52.    The conflicting demands previously asserted or to be asserted by each regarding the benefits under the Policy create doubt as to the benefits to which each is entitled, if any. As a result, there is a dispute among the Parties regarding the appropriate payment of benefits under the Policy.

**ANSWER:**    Ms. Majmudar admits that she has asserted a claim to the benefits under the Policy, that she is entitled to be paid the benefits under the Policy and therefore denies the allegations of the first sentence of Paragraph 52.   Ms. Majmudar is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 52.

## Count IV

## Interpleader Claim

53.    Pleading in the alternative, FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 52 above as the allegations of Paragraph 53.

**ANSWER:**    Ms. Majmudar incorporates by reference her answers to Paragraphs 1 through 49 above as her answer to paragraph 53.

54.    Upon information and belief, each Defendant claims to have an interest in the proceeds or benefits due under the Policy.

**ANSWER:**    Ms. Majmudar admits that she has asserted a valid claim to the benefits under the Policy, admits that the other defendants have asserted claims for benefits under the Policy but denies that the claims are valid or have merit.

55.    The conflicting demands asserted by each Defendant regarding these benefits creates doubt as to which Defendant is entitled to the benefits.

**ANSWER:**    Ms. Majmudar admits that she has asserted a claim to the benefits under the Policy, that she is entitled to be paid benefits under the Policy and therefore denies the remaining allegations in Paragraph 55.

56.    Upon further appropriate order of this Court, FILI is prepared to tender to this Court the sum of $5 million ($5,000,000) representing the benefits available under the Policy.

**ANSWER:**    Ms. Majmudar is without knowledge or information sufficient to form a belief as

to the allegations in Paragraph 56.

**Count V**

**Declaration That FILI's Policy Is Void Or That the Beneficiary Change Is Void**

57.    Pleading in the alternative, FILI adopts and incorporates as though fully set forth herein the allegations of Paragraphs 1 through 56 above as the allegations of Paragraph 57.

**ANSWER:**    Ms. Majmudar incorporates by reference her answers to Paragraphs 1 through 49

above as her answer to paragraph 57.

58.    FILI issued life insurance Policy No. TL-000-5560 (the "Policy") insuring Ari Squire and incepting on August 12, 1999.

**ANSWER:**    Ms. Majmudar admits the allegations in Paragraph 58.

59.    Ari Squire amended the Policy on December 20, 2006 to reflect a change of beneficiary. This change of beneficiary revoked any previous beneficiary designations and all prior methods of settlement requests under the Policy.

**ANSWER:**    Ms. Majmudar admits the allegations in Paragraph 59.

60.    On December 20, 2006, Ari Squire designated his wife, Denise Squire, as beneficiary as to 80% of the Policy benefits and designated Joe Vaccaro a 20% beneficiary under the Policy. Additionally, Ari Squire designated his sister, Shana Majmudar, as a secondary beneficiary as to 100% of the Policy benefits.

**ANSWER:**    Ms. Majmudar admits the allegations in Paragraph 60.

61.    In the Newman Litigation the Estate of Justin Newman alleged that Ari Squire had a "practice of engaging in fraudulent financial activity" (Exhibit E, relevant excerpts of the Newman Estate's "Response to Second Motion to Quash Subpoena"), that Ari Squire's plan to fake his own death was "premeditated and well-planned out" (Exhibit F, "Petition to Intervene" in Federal Criminal Case, 06 CR 303), and that "[i]n all likelihood, Ari Squire had help in carrying out the crime." (Exhibit F, p. 5).

**ANSWER:**    Ms. Majmudar is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 61.

62.     In the Newman Litigation, the Estate of Justin Newman also alleged that the Ari Squire plot existed by at least January 18, 2006, several months before the December 20, 2006, change of beneficiary from was completed. The allegations in the Newman Litigation are that Ari Squire appeared to write his wife, Denise Squire, a letter dated January 18, 2006 which she was supposed to open upon his "death." The letter, which specifically references Ari Squire's $5 million life insurance policy and the $1 million "given" to Vaccaro instructs:

> Don't put the money into one of our accounts, make sure it is in your name only, call [our accountant] and ask for his help on how to protect it from the case (i.e., make sure it is not in my estate).

(Exhibit E, p. 4 citing Exhibit E to the motion).  According to this note, a $450,000 obligation was due to Diesel Capital Ventures, Brian Wegner, on February 22, 2008, which was notably the day before Ari Squire's February 23, 2008 murder of Justin Newman to feign his own death. After paying this debt, according to the letter, Denise would be left with "roughly $3.5 mill... to live freely." *Id*

**ANSWER:**     Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.


63.     The allegations in the Newman Litigation are that Ari Squire's plan "may have gone back more than three years, to January 2006" (Exhibit E, p. 4) and that the Squire's financial and legal troubles go back to at least 2005 when the United States filed a civil lawsuit against Ari Squire and AccuCare for defrauding Medicare in an amount exceeding $2.4 million beginning in 1998 and continuing until at least December 2000. *Id* at 7.  This 1998 to 2000 "fraud scheme" was the subject of the United States Government's Complaint against Ari Squire. (*See*, Exhibit E, attaching the Complaint against Ari Squire and AccuCare, Docket No. 05 C 3781, at Exhibit K, p. 6, "The Fraud Scheme").  According to the Newman Litigation, the "couple incurred approximately $200,000-$250,000 in legal fees" and Ari Squire was ordered to pay $63,000 in restitution to the United States while also being ordered to five years of probation and six months of house arrest in December 2007. *Id*.

**ANSWER:**     Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.


64.     The Newman Litigation alleged that Ari Squire and Denise Squire were "facing debts in excess of $2 million at the time" of Justin Newman's murder. (Exhibit E, p. 9).

**ANSWER:**     Ms. Majmudar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65.     There are additional allegations in the Newman Litigation that Nolan Behavioral Health, previously operated by Forest Hospital, until Ari Squire and his father, Morris, had to sell it to Maryville Academy in 1999 in the wake of a successful multi-million dollar whistleblower suit. (Exhibit G, Newman Estate's "Response to Defendant's Motion to Quash Subpoena" dated March 6, 2009, p. 5, citing "Hospital's Sale Will Pay Fraud Settlement, Maryville to Purchase Forest for $10 Million," Chicago Tribune. Aug. 18, 1999, 1999 WL 6719367). Upon information and belief, Ari Squire was an administrator of Forest Hospital prior to the 1999 sale. *Id* at fn 4.

**ANSWER:**     Ms. Majmudar is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 65.


66.     The Newman Litigation asserted that the plea agreement entered in Ari Squire's criminal case (06 CR 303) confirms his fraudulent conduct in billing medicare from at least January 1998 through 2001. (Exhibit E, attaching Plea Agreement at Exhibit L).

**ANSWER:**     Ms. Majmudar is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 66.


67.     The recent allegations in the Newman Litigation, including those set forth above, evidence a fraud scheme requiring FILI to investigate whether, at the time Ari Squire procured the Policy, he intended to defraud FILI by conspiring with others, including Denise Squire and Joe Vaccaro, to feign his death for purposes of recovering $5 million in benefits under the Policy.

**ANSWER:**     Ms. Majmudar is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 67.


68.     Additionally, the allegations in the Newman Litigation, including those set forth above, evidence that at the time Ari Squire changed the beneficiaries under the Policy, he intended to defraud FILI by conspiring with others, including Denise Squire and Joe Vaccaro, to feign his death for purposes of recovering $5 million in benefits under the Policy.

**ANSWER:**     Ms. Majmudar denies the allegations contained in Paragraph 68.


69.     The procurement of the Policy with the intent to feign his death and/or commit murder and defraud FILI voids the policy from inception.

**ANSWER:**   Ms. Majmudar denies the allegations contained in Paragraph 69.   Answering further, Ms. Majmudar states that the contention that the Policy is void is incompatible with FILI's request for an interpleader.


70.   The change of beneficiaries under the Policy with the intent to conspire with the beneficiaries to feign his death and/or commit murder and defraud FILI out of the Policy benefits voids the change of beneficiary designation.

**ANSWER:**   Ms. Majmudar denies the allegations contained in Paragraph 70.

**WHEREFORE,** Shana Majmudar prays that this Court enter judgment in her favor and against plaintiff FILI and all other defendants, (a) declaring that (1) she is entitled to be paid the $5 million in benefits under the Policy; and (2) Ms. Squire and Mr. Vaccaro are disqualified from being paid benefits under the Policy; and (3) FioRito, the Estate of Newman and Testa have no right to be paid benefits under the Policy because their purported claims for benefits derives entirely from Ms. Squire's non-existent right to benefits; and (b) ordering FILI to pay the $5 million in proceeds under the Policy, plus pre- and post-judgment thereon to Ms. Majmudar, and order such other and further relief as the Court deems just.

## AFFIRMATIVE DEFENSE TO CLAIMS OF DONNA FIORITO, THE ESTATE OF JUSTIN NEWMAN AND FRANK TESTA III

1.   Donna FioRito, the Estate of Justin Newman and Frank Testa III (the "Newman parties") have asserted an interest in this litigation and, on information and belief, a claim to benefits under the Policy.


2.   The Newman parties are not named as beneficiaries under the Policy.

3.      Any interest in or claim to benefits under the Policy the Newman parties may assert derives entirely from and through rights Denise Squire or Joe Vaccaro may have in Policy benefits.

4.      As a result of their participation in the conspiracy to murder Justin Newman and to commit insurance fraud, Ms. Squire and Mr. Vacarro are disqualified from receiving any benefits under the Policy.

5.      Because Ms. Squire and Mr. Vacarro are disqualified from receiving benefits under the Policy, the Newman parties claims to Policy benefits through Ms. Squire and/or Mr. Vacarro similarly fails.

**WHEREFORE,** Ms. Majmudar prays that the Court dismiss with prejudice any claims to Policy benefits the Newman parties may assert and grant such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Shana Majmudar ("Ms. Majmudar"), by and through her attorneys, J. Timothy Eaton, Cary Donham, and Barton O'Brien, for her Counterclaim against Fidelity Investments Life Insurance Company, states as follows:

### Nature of The Case

6.      Fidelity Investments Life Insurance Company ("FILI") issued a life insurance policy, Policy No. TL00-5560, insuring Ari Squire, deceased (the "Policy"). Ms. Majmudar, Ari Squire's sister, is designated as the "Secondary Beneficiary" under the Policy, which provides for a $5 million death benefit. Ms. Majmudar is now entitled to receive the entire $5 million death benefit as FILI's investigation and the result of a jury trial clearly demonstrates that the

designated Primary Beneficiaries are disqualified to receive any benefits under the Policy. Ms.

Majmudar has demanded that FILI pay her the benefits under the Policy that are rightfully hers.

FILI has failed and refused to pay her the benefits that are due to her, in breach of its contractual

obligations to do so. Consequently, she brings this action for breach of contract against FILI.

## **Factual Background**

### *The Policy*

7.      In August 1999, FILI issued to Ari Squire a term life insurance policy, Policy No.

TL000-5560, with a "Face Amount" of $5 million that FILI agreed to pay to the appropriate

beneficiary upon Ari Squire's death.

8.      According to FILI, on or about December 20, 2006, Ari Squire submitted a

"Beneficiary Change Form" that designates the beneficiaries under the Policy as follows:

- Denise Squire is designated a "Primary Beneficiary" to receive 80% of the Face Amount or $4 million upon Ari Squire's death;

- Joseph Vacarro is designated a "Primary Beneficiary" to receive 20% of the Face Amount or $1 million upon Ari Squire's death; and

- Ms. Majmudar is designated a "Secondary Beneficiary" to receive 100% of the Face Amount or $5 million in the event the Primary Beneficiaries have been deemed disqualified under the Policy.[1]

9.      The Beneficiary Change Form was submitted in accordance with the terms of the

Policy, is valid in matters of form and substance, and, as submitted, meets the technical

requirements to change a beneficiary designation under the Policy.

---

[1] Upon a determination that either Primary Beneficiary is disqualified to receive the designated portion of the Face Amount, Ms. Majmudar, as the Secondary Beneficiary, is entitled to receive the disqualified Primary Beneficiary's respective share.

10.    On March 2, 2008, nearly two years following FILI's acceptance of the Beneficiary Change Form and almost ten years following the issuance of the Policy, Ari Squire died.

### The Investigation

11.    Following Ari Squire's death, on information and belief, Denise Squire submitted a claim for benefits to FILI asserting her purported rights under the Policy and sought payment of her share of the Face Amount or $4 million.   In response to Denise Squire's claim, FILI claims that it opened and undertook an investigation to determine the validity of Denise Squire's claim.

12.    Likewise, on information and belief, Joseph Vacarro submitted a claim for benefits to FILI asserting his purported rights under the Policy and sought payment of his share of the Face Amount or $1 million.

13.    FILI asserts that its investigation resulted in its determination that both Denise Squire and Joe Vacarro should be disqualified to receive any benefits under the Policy.   FILI has refused to pay any benefits under the Policy.

14.    According to FILI, its investigation revealed that on May 8, 2008, Donna FioRito and the Estate of Justin Newman filed a complaint in the Circuit Court of Cook County against Ari Squire, deceased, and Denise Squire captioned *The Estate of Newman v. Squire*, Case No. 08 L 5119 (the "Newman Litigation").   The Newman Litigation was ultimately transferred to Lake County, Illinois and assigned Case No. 08 L 676.

15.     As part of its investigation, FILI relied upon the Newman Litigation (among other things) in refusing to pay Denise Squire any benefits under the Policy.   In particular, Denise Squire was alleged to have conspired with Ari Squire to kill Justin Newman ("Newman") "with the intention of using Mr. Newman's body to fake the death of Ari Squire" for the purposes of insurance fraud.   According to the Newman Litigation and relied upon by FILI, Ari Squire murdered Newman for this purpose, and a jury in the Newman litigation so found.   As a result, FILI has alleged that Ms. Squire is disqualified from receiving benefits under the Policy.

16.     FILI also alleges that Mr. Vaccaro should be disqualified from receiving any benefits under the Policy.

## <u>COUNT I – BREACH OF CONTRACT</u>

17.     Ms. Majmudar realleges and incorporates by reference as if fully stated herein Paragraph 1 through 11 above as Paragraph 12.

18.     The Policy and the Beneficiary Change Form constitute a valid and enforceable contract.

19.     In light of FILI's investigation and under Illinois law, Denise Squire and Joseph Vaccaro have been disqualified as Primary beneficiaries under the Policy.

20.     Ms. Majmudar, as the sole Secondary Beneficiary, has submitted a valid claim for benefits under the Policy.   FILI has acknowledged receipt of Ms. Majmudar's claim for benefits.

21.     Ms. Majmudar has made an appropriate demand for benefits.

22.    FILI has breached the contract by refusing to pay Ms. Majmudar the Face Amount of benefits it agreed to pay under the Policy.

23.    As a direct and foreseeable result of FILI's breach of contract, Ms. Majmudar has been damaged.

**WHEREFORE**, Shana Majmudar prays that this Court enter judgment in her favor and against FILI for breach of contract, awarding her damages in the amount of $5 million plus pre- and post-judgment interest thereon and such other and further relief as the Court deems just.


Date:  May 10, 2010

J. Timothy Eaton
Cary E. Donham
Barton J. O'Brien
Shefsky & Froelich Ltd.
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
312.527.4000
Firm I.D. No. 29143
1149572_2

Respectfully Submitted,
SHANA MAJMUDAR


By:_____/s/ Barton J. O'Brien_____