IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY INVESTMENTS LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>DENISE SQUIRE, et al.,<br><br>        Defendants. | Case No. 1:09-cv-02704<br><br>Judge Der-Yeghiayan<br><br>Magistrate Judge Denlow |

## PLAINTIFF FILI'S RESPONSE TO THE NEWMAN DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY ("FILI"), by and through its undersigned attorneys, respectfully requests that the Court enter a full briefing schedule on the Motion to Dismiss Without Prejudice filed by the Estate of Justin Newman, Donna FioRito, and Frank Testa (collectively, "Newman Defendants") and allow FILI fourteen days to file a comprehensive response. To the extent the Court considers the motion before the May 12, 2010 hearing date, FILI briefly responds as follows:

FILI initiated this lawsuit in May 2009 seeking the Court's guidance in resolving the disputed competing and conflicting claims to benefits under the $5 million life insurance policy it issued to Ari Squire (the "Policy"). Since then, the dispute has become increasingly contentious:

(1) every named beneficiary and contingent beneficiary under the Policy has been accused of participating in a shocking several years long conspiracy to defraud FILI by murdering Justin Newman and feigning Ari Squire's death;

(2) one beneficiary, Denise Squire, has been found liable to the Newman Defendants for causing Justin Newman's death, but there has been no adjudication as to the effect of this civil verdict on Denise Squire's policy rights, which she has attempted to assign to the Newman Defendants; and

(3) FILI has been repeatedly named as a defendant in separate actions filed in Lake County, Illinois and the Central District of California.

Now, after filing separate lawsuits against every potential beneficiary, the Newman Defendants — who are *not* named as beneficiaries under the Policy and can only claim through an assignment from a valid named beneficiary (if there is one) — ask this Court to further delay proceedings and substantive rulings until after they resolve the recently filed lawsuit against the secondary beneficiary, Shana Majmudar ("Majmudar").

The Newman Defendants' request to dismiss must be rejected. Three significant issues which FILI has asked this Court to resolve are ripe now. First, FILI has asked this Court whether the verdict finding Denise Squire caused the death of Justin Newman disqualifies her under the Policy. Second, the rights of the Newman Defendants to succeed to Mrs. Squire's policy rights (if any) and/or to assert a claim to her policy rights under an unprecedented interpretation of the Illinois "slayer statute" can be decided without delay. Third, FILI has asked this Court to determine whether Ari Squire's conduct in procuring the Policy and/or in filing the change in beneficiary endorsement on December 20, 2006 constitute a fraud which renders the Policy null and void. These issues are ripe for consideration now as the only conduct relevant to resolve them is that of Denise Squire, and Ari Squire, the policyholder. The claims filed by the Newman Defendants against other beneficiaries have no impact on the disqualification and voidability

issues.  There is nothing that will happen in the lawsuits against Vaccaro and Majmudar which would impact these issues.

Further, the motion to dismiss was effectively denied by the Court when it granted FILI's Motion to Reinstate the Action.  As set forth in FILI's Motion To Reinstate the Action (*see*, Doc. # 71), there is a real and immediate dispute as to Denise Squire's disqualification under the Policy.  On February 25, 2010, the jury in the Squire wrongful death case returned a verdict against Denise Squire finding her liable to the Newman Defendants for conspiring with her husband in the murder-for-fraud scheme.  This Court, which was made aware of the Newman Defendants' pending wrongful death lawsuit against beneficiary Joseph Vaccaro ("Vaccaro") in FILI's Motion To Reinstate, nonetheless correctly recognized that the immediacy of the dispute warranted reinstatement of this case and granted FILI's motion on March 25, 2010 and further allowed FILI leave to file a First Amended Complaint (*see*, Doc # 73, Order of March 25; and, Doc. # 77, FILI's First Amended Complaint).  Just as the Newman Defendants' lawsuit against Vaccaro does not impact the determination of whether Denise Squire is disqualified under the Policy or whether the Policy or the beneficiary endorsement are null and void as a result of Ari Squire's fraud, the Newman Defendants' similar lawsuit against a secondary beneficiary also has no impact on these issues.

Moreover, the determination of these issues may very well moot the other beneficiaries' competing claims altogether.  For example, to the extent the Court finds that, as a matter of law, Denise Squire is not disqualified (which FILI disputes), that finding would necessarily extinguish Majmudar's claim under the Policy making the Newman Defendants' conspiracy claim against Majmudar even more irrelevant to this action.  Further, the lawsuit against Majmudar has no impact on FILI's assertion that the Policy, or the beneficiary endorsement, should be voided based

on Ari Squire's fraud at the time the Policy was procured and/or at the time of the beneficiary change (*see*, Doc. #77, Count V). If this Court determines that Ari Squire procured the Policy fraudulently and the Policy is therefore void, it would extinguish all claims under the Policy. If the Court determines that Denise Squire is disqualified under the Policy and Ari Squire procured the beneficiary change for the purpose of perpetrating this fraud, thereby voiding the beneficiary endorsement, that would also extinguish all claims under the Policy.

Also, the Newman Defendants' assertion that no prejudice will be caused by the dismissal is wrong. FILI has expended considerable attorneys' fees due to the several litigations filed over the competing and inconsistent claims in multiple jurisdictions. This includes litigation brought by Vaccaro in California now pending before this Court (*see*, Docket No. 1:10-cv-01058) and litigation brought by Denise Squire in Lake County also now pending in this Court (*see*, Docket No.1:09-cv-07496).[1] Also, FILI is being subjected to vexatious claims of bad faith, unreasonable delay, and Rule 11 sanctions (*see*, Vaccaro's Motion To Dismiss, Doc. # 81, pp. 9-11).[2] The prejudice to FILI warrants denial of the Newman Defendants' motion so the litigation can go forward on the disputed issues which are ripe, including the disqualification of beneficiaries or the complete or partial voidance of the Policy.

WHEREFORE, Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY respectfully requests that this Court enter an order that sets a full briefing schedule on the pending

---

[1] Although FILI denies that the requested dismissal without prejudice is appropriate, to the extent the Court grants the motion, FILI requests that the order stay all litigation arising under the Policy and enjoin future litigation so FILI is not forced to continue to incur additional litigation expenses from multiple lawsuits in multiple jurisdictions arising from the same facts.

[2] FILI disputes any such allegations and reserves the right to directly refute Vaccaro's claims in a response to Vaccaro's Motion To Dismiss in accordance with the briefing schedule to be set by the Court. For present purposes, the Newman Defendants do not ask this Court to delay resolving the declaratory judgment action based on their lawsuit against Vaccaro, because Vaccaro is apparently settling with the Newman Defendants. *See*, Newman Defendants' Motion To Dismiss, Doc. #78, at FN 1 ("That case is in the process of being settled."). Just like the dispute with Denise Squire, Vaccaro's disqualification is consequently ripe.

- 5 -

Motion to Dismiss Without Prejudice, or deny the Newman Defendants' Motion to Dismiss Without Prejudice, and such further relief as the Court deems just and appropriate.

Date: May 11, 2010                                                          LOCKE LORD BISSELL & LIDDELL LLP

                                                                            By __/s/ Mark A. Deptula_____
                                                                               Attorneys For Plaintiff,
                                                                               FIDELITY INVESTMENTS LIFE
                                                                               INSURANCE COMPANY

Jennifer A. Kenedy
Mark A. Deptula
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL  60606
312-443-0700

- 6 -

## Certificate Of Service

      I, Mark A. Deptula, an attorney, certify that on May 11, 2010, I caused a true and correct copy of FIDELITY INVESTMENTS LIFE INSURANCE COMPANY'S Response to the Newman Defendants' Motion to Dismiss Without Prejudice to be served on All Counsel of Record via the ECF system, except service on Michael R. Graf, Michael R. Graf PC, 750 West Northwest Highway, Arlington Heights, IL 60004 was made via U.S. Mail.

                          /s/ Mark A. Deptula