IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY INVESTMENTS LIFE INSURANCE COMPANY, | ) | Case No. 1:09-cv-02704 |
| Plaintiff, | ) | Judge Der-Yeghiayan |
| v. | ) | Magistrate Judge Denlow |
| DENISE SQUIRE, et al., | ) | |
| Defendants. | ) | |

**PLAINTIFF FILI'S MOTION TO DISMISS COUNTERCLAIMS FOR VEXATIOUS AND UNREASONABLE DELAY ASSERTED BY VACCARO, ESTATE OF NEWMAN, FIORITO AND TESTA PURSUANT TO FRCP 12(B)(6)**[1]

Now comes Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY ("FILI") by and through its attorneys, LOCKE LORD BISSELL & LIDDELL LLP and, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves the Court for an order dismissing with prejudice counterclaims for vexatious and unreasonable delay asserted by Joseph Vaccaro ("Vaccaro"), Estate of Justin Newman, Donna Fiorito, and Frank Testa (collectively, the "Newmans"). In support of this motion to dismiss, FILI states as follows:

## BACKGROUND

This Court should dismiss the bad faith claims asserted by Vaccaro and the Newmans at Count II of their respective Counterclaims because Illinois law precludes such claims for "vexatious conduct" or bad faith where there is a reasonable, good faith or "bona fide" dispute as

[1]For convenience of the Parties and the Court, FILI has filed this single motion which requests dismissal with prejudice as to Count II of both Counterclaims. The counterclaims for bad faith which are the subject of this motion are virtually identical. *See*, Doc. #90, Estate of Newman Answer and Counterclaims at Count II; Doc. # 91, Defendant Joseph Vaccaro Answer and Counterclaims at Count II. The other Defendants (Denise Squire and Shana Majmudar) have not asserted bad faith claims against FILI.

to coverage and the Counterclaim fails to plead any facts which would support a finding of vexatious and unreasonable delay.

The Court is familiar with this dispute. The factual basis for this dispute has been set forth in various pleadings, most recently in the position papers submitted pursuant to this Court's May 12, 2010, order. (See, Doc. #99, FILI's Position Statement). Without restating all of the relevant facts, the dispute arises out of competing and inconsistent claims under the $5 million life insurance policy FILI provided to Ari Squire (the "Policy"). In February 2008, Ari Squire murdered Justin Newman to fake his death for purposes of defrauding FILI out of the Policy benefits. Shortly thereafter, Ari Squire committed suicide. Since then, the Newmans have pursued wrongful death actions against the primary and secondary beneficiaries alleging that each was involved in the illicit conspiracy to murder for insurance fraud. The wrongful death action against Denise Squire resulted in a $6 million jury verdict against her. FILI understands that Vaccaro settled the wrongful death action against him. The wrongful death action against Majmudar was only recently filed but remains pending in Lake County, Illinois.[2]

All three beneficiaries have asserted their respective, but inconsistent rights to recover under the Policy. Additionally, the Newmans have asserted that they have standing to claim the benefits under the Policy. On March 25, 2010 this Court granted FILI's motion to reinstate this case and on April 19, 2010, with this Court's permission, FILI filed its First Amended Complaint seeking declaratory judgment to ask the Court to resolve the competing and inconsistent claims. (*See*, Doc. #77). Vaccaro and the Newmans separately filed answers to the First Amended Complaint and asserted Counterclaims against FILI for declaratory judgment and bad faith

[2] In addition to the three underlying wrongful death litigations, the dispute is the subject of three separate coverage actions. In addition to the present matter filed by FILI (1:09-cv-02704), Squire (Docket No. 1:09-cv-07469), and Vaccaro (Docket No. 1:10-cv-01058, dismissed without prejudice on May 19, 2010) separately filed suit against FILI demanding payment of benefits under the Policy.

vexatious delay under the Illinois Insurance Code. (*See*, Doc. #90, Estate of Newman Answer and Counterclaims; Doc. #91, Vaccaro Answer and Counterclaims). FILI has answered the declaratory judgment action allegations and seeks dismissal of the vexatious delay and bad faith allegations asserted in Count II of the Counterclaims.

**STANDARD FOR MOTION TO DISMISS**

In order to survive a motion to dismiss pursuant to Rule 12 (b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lanza v. City of Chicago*, 2009 WL 1543680, *2 (N.D.Ill. June 2, 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)). A court should grant a motion under Rule 12(b)(6) if a plaintiff fails to provide the "grounds" of its "entitle[ment] to relief" through allegations that raise a right to relief above the speculative level assuming all of the complaint's allegations are true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S. Ct. at 1949 . "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* This Court is not bound to accept as true legal conclusions couched as a factual allegation. *See id.* at 1949-50. Moreover, these standards apply to complaints in *all* civil actions. *Id.* at 1953*; see also Coss v. Playtex Products, LLC*, 2009 WL 1455358, *2 (N.D.Ill. May 21, 2009) (citing to *Ashcroft* and noting Court's holding that Rule 8 applies to complaints in all civil actions).

The Supreme Court's decision in *Twombly*, which was reaffirmed in *Ashcroft*, illustrates a two-pronged approach for federal courts to evaluate a pleading subject to a motion to dismiss.

*Ashcroft*, 129 S.Ct at 1950. First, a court identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Next, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*quoting* FED. R. CIV. P. 8(a)(2)); *see also Coss,* 2009 WL 1455358, at *2. To survive the motion to dismiss, the complaint must state a plausible claim for relief. *Id.*

## ARGUMENT

### I. ILLINOIS LAW DOES NOT PERMIT VEXATIOUS DELAY CLAIMS WHERE THERE IS A GOOD FAITH DISPUTE OVER COVERAGE.

There is a real and good faith dispute as to who is entitled to recover under the Policy and the unreasonable delay claims therefore fail under Illinois law. In order to give rise to Section 155 liability, an insurer's conduct must be "unreasonable and vexatious." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). Good faith disputes are not grounds for Section 155 liability. *Id* ("an insurer's conduct is not vexatious and unreasonable if… there is a bona fide dispute concerning the scope and application of insurance coverage"); see also, *Employer Ins. of Wausau v. Pacer International, Inc.*, 2005 U.S.Dist. LEXIS 1337, *12-13 (N.D.Il. 2005) (granting summary judgment as to Section 155 claim where there was a "bona fide dispute regarding the extent of Wausau's coverage."); *Martin v. Illinois Farmers Ins.*, 742 N.E.2d 848 (Ill.App. 1st Dist. 2000) (trial court's dismissal of Section 155 claim affirmed where there was a bona fide dispute over coverage such that defendants could not be liable for "vexatious and unreasonable" delay).

The Parties' pleadings including the recently filed position papers confirm the real and good faith dispute regarding inconsistent claims to benefits under the Policy. In fact, FILI initiated this declaratory judgment action over a year ago to resolve the good faith and "bona fide" dispute over whether Denise Squire is disqualified from recovering the benefits under the Policy given the ongoing criminal investigations and wrongful death verdict against her. Denise Squire previously acknowledged in her pleadings in this litigation that "an actual controversy exists between the Plaintiff and Defendant" regarding the rights and liabilities of the parties under the terms and provisions of the Policy. (*See*, Doc. #8, Squire's Counterclaim at ¶ 11). The bona fide disputes regarding both Denise Squire's eligibility as a beneficiary and potentially competing claims of other parties to the death benefits under the Policy continue today. There are at least three sets of potentially competing claims to the benefits under the policy: the named primary beneficiaries Denise Squire and Joseph Vaccaro; the contingent beneficiary Shana Majmudar; and the Newmans (who assert standing based on the wrongful death verdict and pending actions). FILI's obligation under the Policy is the $5 million death benefit and FILI only has to pay once. Accordingly, FILI reasonably sought and continues to seek the assistance of the Court in resolving these competing claims, either in the form of declaratory relief, or in the form of an interpleader, in which FILI would deposit the Policy benefits with the Court.

As set forth above, under fundamental Illinois law, there can be no vexatious conduct or bad faith claim where, as here, there is a "bona fide" or "good faith" dispute over the entitlement to Policy benefits. The Court recognized the appropriateness of FILI's efforts at the May 12, 2010, status hearing. (*See*, Doc. #99, Exhibit H, at p. 13). To this day, there remains a dispute as to who are the appropriate beneficiaries under the Policy. Moreover, Vaccaro's bad faith claim is particularly suspect since he failed to pursue any claim and ignored claim communications from

FILI for over a year following Ari Squire's death[3]. Under Illinois law, there can be no vexatious conduct or bad faith claim where, as here, there is a "bona fide" or "good faith" dispute over the entitlement to Policy benefits. Vaccaro's and the Newmans' bad faith claims must consequently be dismissed.

## II. COUNT II IS DEVOID OF ANY FACTUAL SUPPORT AND SHOULD BE DISMISSED.

Although the above legal deficiencies alone require dismissal of Count II, dismissal is additionally appropriate because the Vaccaro and the Newmans have not pled any facts to support the cause of action for vexatious or unreasonable delay. In order to withstand a motion to dismiss, the Counterclaims asserted by Vaccaro and the Newmans must allege facts sufficiently setting forth "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949. Bare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice. *Lanza*, 2009 WL 1543680, citing to *Ashcroft*.

The Counterclaims by both Vaccaro and the Newmans are devoid of any allegation of fact in support of the Section 155 vexatious delay claims and consequently must be dismissed. The vexatious and unreasonable delay claims are premised entirely on the allegation that "FILI has unreasonably withheld benefits due under the Policy." (*See*, Doc. #90, p. 24 at ¶12; Doc. #91, p. 28 at ¶13). No other facts are alleged. Without any other facts alleged, the dismissal of Count II of the Counterclaims as plead by Vaccaro and the Newmans is required.

[3] FILI mailed claim paperwork to Vaccaro in August 2008 after receiving Denise Squire's claim under the Policy. Vaccaro did not submit a claim under the Policy until June 2009. FILI has asserted Vaccaro's waiver of his claim under the Policy as an affirmative defense.

**III. THE NEWMANS LACK STANDING TO ASSERT BAD FAITH.**

The Newmans are not beneficiaries under the Policy and lack standing to assert a bad faith claim against FILI for any asserted obligation as to Denise Squire. In Illinois, "[a]n individual not a party to a contract may only enforce the contract's rights when the contract's original parties intentionally entered into the contract for the direct benefit of the individual." *Martis v. Grinnell Mut. Reinsurance Co.*, 388 Ill. App. 3d 1017, 1020 (3d Dist. 2009). Relying on that principle, the *Martis* court held that a physician treating an employee covered by his employer's workman's compensation insurance did not have standing to sue the insurer for breach of contract because the physician was not an intended beneficiary of the contract. *Id.* at 1024. Furthermore, the court cited favorably to *McFadden v. Liberty Mut. Ins. Co.*, 803 F. Supp. 1178 (N.D. Miss. 1992), where the court held that a third party stranger to the insurance contract could not sue an insurer for bad faith and did not have standing to sue because the third party was “not an intended beneficiary but was merely an incidental third-party” under the insurance contract. *Martis*, 388 Ill. App. 3d at 1021.

Here, the Newmans are not intended beneficiaries of the Policy entered into between FILI and Ari Squire. The insurance contract between the deceased and the insurance company specifically identified the beneficiaries. Without an assignment of the third-party beneficiary's rights under the policy—and Denise Squire asserts that there was no such assignment as to her rights—the Newmans are simply a judgment creditor as to Denise Squire. There is no support for the assertion that a judgment creditor is entitled or has standing to assert a bad faith cause of action against a life insurer. The Newmans do not have standing to assert a claim for bad faith against FILI for any potential obligation to Denise Squire and that portion of Counterclaim must be dismissed with prejudice.

**CONCLUSION**

As set forth above, the claims of bad faith and vexatious delay asserted by Vaccaro and the Newmans are legally and factually insufficient and must be dismissed. Illinois law does not recognize a cause of action for "vexatious conduct" where there is a reasonable dispute as to coverage. Even though this reason alone requires dismissal of the bad faith claims, dismissal is also warranted based on the failure to plead any facts entitling Vaccaro or the Newmans to any relief.

WHEREFORE, Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY respectfully requests that this Court enter an order dismissing the counterclaims for bad faith (Doc. #90, Newmans Answer and Counterclaims at Count II; and, Doc. # 91, Vaccaro Answer and Counterclaims at Count II) with prejudice and such further relief as the Court deems just and appropriate.

Date: June 11, 2010

LOCKE LORD BISSELL & LIDDELL LLP

By __/s/ Jennifer A. Kenedy_______________
Attorneys For Plaintiff,
FIDELITY INVESTMENTS LIFE INSURANCE COMPANY

Jennifer A. Kenedy
Mark A. Deptula
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
312-443-0700

**Certificate Of Service**

I, Mark A. Deptula, an attorney, certify that on June 11, 2010, I caused a true and correct copy of FIDELITY INVESTMENTS LIFE INSURANCE COMPANY'S Motion To Dismiss Counterclaims For Vexatious And Unreasonable Delay to be served on All Counsel of Record via the ECF system, except service on Michael R. Graf, Michael R. Graf PC, 750 West Northwest Highway, Arlington Heights, IL 60004 was made via U.S. Mail.

/s/ Mark A. Deptula