IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIDELITY INVESTMENTS LIFE
INSURANCE COMPANY,

      Plaintiff,

      vs.

DENISE SQUIRE, SHANA MAJMUDAR,
and JOE VACCARO,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:09-cv-02704

Judge Der-Yeghiayan

Magistrate Judge Denlow

_____

**FILI'S ANSWER TO DEFENDANT SHANA MAJMUDAR'S
COUNTERCLAIM TO FILI'S FIRST AMENDED COMPLAINT**
_____

NOW COMES Plaintiff FIDELITY INVESTMENTS LIFE INSURANCE COMPANY

("FILI"), by and through its undersigned attorneys, and for its Answer to the Counterclaim of

Shana Majmudar states as follows:

**AFFIRMATIVE DEFENSE TO CLAIMS OF DONNA FIORITO,
THE ESTATE OF JUSTIN NEWMAN AND FRANK TESTA III**

1.     Donna FioRito, the Estate of Justin Newman and Frank Testa III (the "Newman parties")
have asserted an interest in this litigation and, on information and belief, a claim to
benefits under the Policy.

     **ANSWER:** The allegations in Paragraph 1 are not directed to FILI and therefore no

response is required thereto. To the extent a response is required, FILI admits that the Newman

Parties have asserted an interest in this litigation and an interest to benefits under the Policy.

2.     The Newman parties are not named as beneficiaries under the Policy.

     **ANSWER:** The allegations in Paragraph 2 are not directed to FILI and therefore no

response is required thereto. To the extent a response is required, FILI admits the allegations of

Paragraph 2.

3.  Any interest in or claim to benefits under the Policy the Newman parties may assert derives entirely from and through rights Denise Squire or Joe Vaccaro may have in Policy benefits.

**ANSWER:** The allegations in Paragraph 3 are not directed to FILI and therefore no response is required thereto. To the extent a response is required, FILI admits the allegations of Paragraph 3.

4.  As a result of their participation in the conspiracy to murder Justin Newman and to commit insurance fraud, Ms. Squire and Mr. Vacarro are disqualified from receiving any benefits under the Policy.

**ANSWER:** The allegations in Paragraph 4 are not directed to FILI and therefore no response is required thereto. To the extent a response is required, FILI states that it has asked the Court to resolve the inconsistent and competing claims to benefits under the Policy including whether any Policy beneficiaries are disqualified based on allegations that one or more beneficiaries conspired with Ari Squire to murder Justin Newman for purposes of committing insurance fraud and recovering the $5 million benefits under the Policy.

5.  Because Ms. Squire and Mr. Vacarro are disqualified from receiving benefits under the Policy, the Newman parties claims to Policy benefits through Ms. Squire and/or Mr. Vacarro similarly fails.

**ANSWER:** The allegations in Paragraph 5 are not directed to FILI and therefore no response is required thereto. To the extent a response is required, FILI states that it has asked the Court to resolve the inconsistent and competing claims to benefits under the Policy including whether any Policy beneficiaries are disqualified based on allegations that one or more beneficiaries conspired with Ari Squire to murder Justin Newman for purposes of committing insurance fraud and recovering the $5 million benefits under the Policy.

## COUNTERCLAIM

## NATURE OF CASE

6.     Fidelity Investments Life Insurance company ("FILI") issued a life insurance policy, Policy No. TL000-5560, insuring Ari Squire, deceased (the "Policy"). Ms. Majmudar, Ari Squire's sister, is designated as the "Secondary Beneficiary" under the Policy, which provides for a $5 million death benefit. Ms. Majmudar is now entitled to receive the entire $5 million death benefit as FILI's investigation and the result of a jury trial clearly demonstrates that the designated Primary Beneficiaries are disqualified to receive any benefits under the Policy. Ms. Majmudar has demanded that FILI pay her the benefits under the Policy that are rightfully hers. FILI has failed and refused to pay her the benefits that are due to her, in breach of its contractual obligations to do so. Consequently, she brings this action for breach of contract against FILI.

**ANSWER:** As Paragraph 6 states only a recitation of the nature of Majmudar's cause of action and the relief sought, no response is required. To the extent a response is required, FILI admits that Majmudar has asserted the disqualification of the Primary Beneficiaries under the Policy and Majmudar has demanded that FILI pay her the benefits under the Policy. Responding further, FILI states that the claim to benefits asserted by Majmudar conflicts and competes with the claims to benefits under the Policy asserted by the Primary Beneficiaries and FILI has asked the Court to resolve the inconsistent and competing claims to benefits under the Policy including whether any Policy beneficiaries are disqualified based on allegations that one or more beneficiaries conspired with Ari Squire to murder Justin Newman for purposes of committing insurance fraud and recovering the $5 million benefits under the Policy. FILI denies that it has any current obligation and further denies any breach of the Policy.

### *The Policy*

7.     In August 1999, FILI issued to Ari Squire a term life insurance policy, Policy No. TL000-5560, with a "Face Amount" of $5 million that FILI agreed to pay to the appropriate beneficiary upon Ari Squire's death.

**ANSWER:** FILI admits that it issued the Policy to Ari Squire which subject to its terms, conditions and exclusions, provides a single "face amount" total benefit of $5 million.

8.     According to FILI, on or about December 20, 2006, Ari Squire submitted a "Beneficiary Change Form" that designates the beneficiaries under the Policy as follows:

- Denise Squire is designated a "Primary Beneficiary" to receive 80% of the Face Amount of $4 million upon Ari Squire's death;

- Joseph Vaccaro is designated a "Primary Beneficiary" to receive 20% of the Face Amount or $1 million upon Ari Squire's death; and

- Ms. Majmudar is designated a "Secondary Beneficiary" to receive 100% of the Face Amount or $5 million in the event the Primary Beneficiaries have been deemed disqualified under the Policy.

**ANSWER:** FILI admits that Ari Squire submitted a Beneficiary Change form on or about December 20, 2006. The Beneficiary Change Form speaks for itself and any allegation inconsistent with the document is denied. Responding further, FILI states that the evidence in the litigation brought by the Estate of Justin Newman against Denise Squire may support the Court finding that the Beneficiary Change Form was submitted by Ari Squire as part of the conspiracy to commit insurance fraud and recover the $5 million benefit under the Policy and, as such, the Beneficiary Change Form is void.

9.     The Beneficiary Change Form was submitted in accordance with the terms of the Policy, is valid in matters of form and substance, and, as submitted, meets the technical requirements to change a beneficiary designation under the Policy.

**ANSWER:** As Paragraph 9 alleges only legal conclusions, no response is required thereto. To the extent a response is required, FILI responds that the evidence in the litigation brought by the Estate of Justin Newman against Denise Squire may support the Court finding that the Beneficiary Change Form was submitted by Ari Squire as part of the conspiracy to commit insurance fraud and recover the $5 million benefit under the Policy and, as such, the Beneficiary Change Form is void. The Estate of Justin Newman has brought wrongful death litigation against each potential beneficiary identified in the Beneficiary Change Form asserting that each potential beneficiary was involved in the conspiracy to defraud FILI.

10.    On March 2, 2008, nearly two years following FILI's acceptance of the Beneficiary Change Form and almost ten years following the issuance of the Policy, Ari Squire died.

    **ANSWER:** FILI admits only that Ari Squire died on March 2, 2008.

### *The Investigation*

11.    Following Ari Squire's death, on information and belief, Denise Squire submitted a claim for benefits to FILI asserting her purported rights under the Policy and sought payment of her share of the Face Amount or $4 million. In response to Denise Squire's claim, FILI claims that it opened and undertook an investigation to determine the validity of Denise Squire's claim.

    **ANSWER:** FILI admits the allegations of Paragraph 11.

12.    Likewise, on information and belief, Joseph Vaccaro submitted a claim for benefits to FILI asserting his purported rights under the Policy and sought payment of his share of the Face Amount or $1 million.

    **ANSWER:** FILI admits that it received a demand for payment from Joseph Vaccaro in June 2009 and further admits that Joseph Vaccaro asserts that he is entitled to payment of his 20% share of the Face Amount or $1 million.

13.    FILI asserts that its investigation resulted in its determination that both Denise Squire and Joe Vaccaro should be disqualified to receive any benefits under the Policy. FILI has refused to pay any benefits under the Policy.

    **ANSWER:** FILI admits that it has undertaken an investigation as to all claims submitted under the Policy. Responding further, FILI states that due to the circumstances surrounding the alleged murder of Justin Newman in an effort to defraud FILI by feigning Ari Squire's death, FILI has asked the Court to adjudicate the rights, if any, of the inconsistent and competing claims to the Policy proceeds. All potential beneficiaries under the Policy have been sued by the Newmans for their alleged respective involvement in the conspiracy to defraud FILI. Based on the allegations that each of the beneficiaries participated in the conspiracy to murder Justin Newman for purposes of committing insurance fraud, the Court could conclude that under Illinois law any beneficiary found to have participated in the conspiracy is disqualified from

recovering. The claims among the beneficiaries are inconsistent and conflict against one another yet FILI's obligation is limited to one single Policy benefit total. As FILI's investigation of this matter continues and discovery in this lawsuit is beginning, no proceeds are currently due or owed by FILI. FILI denies any other allegation of Paragraph 13.

14.     According to FILI, its investigation revealed that on May 8, 2008, Donna FioRito and the Estate of Justin Newman filed a complaint in the Circuit Court of Cook County against Ari Squire, deceased, and Denise Squire captioned *The Estate of Newman v. Squire*, Case No. 08 L 5119 (the "Newman Litigation"). The Newman Litigation was ultimately transferred to Lake County, Illinois and assigned Case No. 08 L 676.

    **ANSWER:** FILI admits the allegations of Paragraph 14.

15.     As part of its investigation, FILI relied upon the Newman Litigation (among other things) in refusing to pay Denise Squire any benefits under the Policy. In particular, Denise Squire was alleged to have conspired with Ari Squire to kill Justin Newman ("Newman") "with the intention of using Mr. Newman's body to fake the death of Ari Squire" for the purposes of insurance fraud. According to the Newman Litigation and relied upon by FILI, Ari Squire murdered Newman for this purpose, and a jury in the Newman Litigation so found. As a result, FILI has alleged that Ms. Squire is disqualified from receiving benefits under the Policy.

    **ANSWER:** FILI admits that it has undertaken an investigation as to all claims submitted under the Policy. Responding further, FILI states that due to the circumstances surrounding the alleged murder of Justin Newman in an effort to defraud FILI by feigning Ari Squire's death, FILI has asked the Court to adjudicate the rights, if any, of the inconsistent and competing claims to the Policy proceeds. All potential beneficiaries under the Policy have been sued by the Newmans for their alleged respective involvement in the conspiracy to defraud FILI. Based on the allegations that each of the beneficiaries participated in the conspiracy to murder Justin Newman for purposes of committing insurance fraud, the Court could conclude that under Illinois law any beneficiary found to have participated in the conspiracy is disqualified from recovering. The claims among the beneficiaries are inconsistent and conflict against one another yet FILI's obligation is limited to one single Policy benefit total. As FILI's investigation of this

matter continues and discovery in this lawsuit is beginning, no proceeds are currently due or owed by FILI. FILI denies any other allegation of Paragraph 15.

16.    FILI also alleges that Mr. Vaccaro should be disqualified from receiving any benefits under the Policy.

**ANSWER:** FILI admits that it has undertaken an investigation as to all claims submitted under the Policy. Responding further, FILI states that due to the circumstances surrounding the alleged murder of Justin Newman in an effort to defraud FILI by feigning Ari Squire's death, FILI has asked the Court to adjudicate the rights, if any, of the inconsistent and competing claims to the Policy proceeds. All potential beneficiaries under the Policy have been sued by the Newmans for their alleged respective involvement in the conspiracy to defraud FILI. Based on the allegations that each of the beneficiaries participated in the conspiracy to murder Justin Newman for purposes of committing insurance fraud, the Court could conclude that under Illinois law any beneficiary found to have participated in the conspiracy is disqualified from recovering. The claims among the beneficiaries are inconsistent and conflict against one another yet FILI's obligation is limited to one single Policy benefit total. As FILI's investigation of this matter continues and discovery in this lawsuit is beginning, no proceeds are currently due or owed by FILI. FILI denies any other allegation of Paragraph 16.

## COUNT I – BREACH OF CONTRACT

17.    Ms. Majmudar realleges and incorporates by reference as if fully stated herein Paragraphs 1 through 11 above as Paragraph 12 [sic].

**ANSWER:** FILI repeats and realleges as though set forth fully herein its responses to Paragraphs 1 through 16 as its response to the allegations of Paragraph 17.

18.     The Policy and the Beneficiary Change Form constitute a valid and enforceable contract.

**ANSWER:** As Paragraph 18 states only a legal conclusion, no response is required thereto. To the extent a response is required, FILI admits that Ari Squire submitted a Beneficiary Change Form in 2006 to reflect that Denise Squire is designated as a beneficiary under the Policy as to 80% of the total Policy benefits and Joseph Vaccaro is designated as a beneficiary under the Policy as to 20% of the total Policy benefits. Responding further, FILI states that it has asked the Court to determine whether the Policy or the Beneficiary Change Form are voided to the extent either were procured with the intent to commit fraud on FILI and is therefore void *ab initio* under Illinois law.

19.     In light of FILI's investigation and under Illinois law, Denise Squire and Joseph Vaccaro have been disqualified as Primary Beneficiaries under the Policy.

**ANSWER:** FILI states that it has asked the Court to resolve the inconsistent and competing claims to benefits under the Policy including whether any Policy beneficiaries are disqualified based on allegations that one or more beneficiaries conspired with Ari Squire to murder Justin Newman for purposes of committing insurance fraud and recovering the $5 million benefits under the Policy. Based on the allegations that each of the beneficiaries participated in the conspiracy to murder Justin Newman for purposes of committing insurance fraud, the Court could conclude that under Illinois law any beneficiary found to have participated in the conspiracy is disqualified from recovering. The claims among the beneficiaries are inconsistent and conflict against one another yet FILI's obligation is limited to one single Policy benefit total. As FILI's investigation of this matter continues and discovery in this lawsuit is beginning, no proceeds are currently due or owed by FILI.

20.     Ms. Majmudar, as the sole Secondary Beneficiary, has submitted a valid claim for benefits under the Policy.  FILI has acknowledged receipt of Ms. Majmudar's claim for benefits.

**ANSWER:**  FILI admits that Majmudar has submitted a claim for benefits under the Policy and that it has acknowledged receipt of Majmudar's claim.  FILI denies the remaining allegations of Paragraph 20.

21.     Ms. Majmudar has made an appropriate demand for benefits.

**ANSWER:**  FILI admits only that Ms. Majmudar has made a demand for benefits under the Policy asserting the disqualification of the primary beneficiaries, Denise Squire and Joseph Vaccaro.  Responding further, FILI states that due to the circumstances surrounding the alleged murder of Justin Newman in an effort to defraud FILI by feigning Ari Squire's death, FILI has asked the Court to adjudicate the rights, if any, of the inconsistent and competing claims to the Policy proceeds.  All potential beneficiaries under the Policy have been sued by the Newmans for their alleged respective involvement in the conspiracy to defraud FILI.  The claims among the beneficiaries are inconsistent and conflict against one another yet FILI's obligation is limited to one single Policy benefit total.  As FILI's investigation of this matter continues and discovery in this lawsuit is beginning, no proceeds are currently due or owed by FILI.

22.     FILI has breached the contract by refusing to pay Ms. Majmudar the Face Amount of benefits it agreed to pay under the Policy.

**ANSWER:**  FILI denies the allegations of Paragraph 22.

23.     As a direct and foreseeable result of FILI's breach of contract, Ms. Majmudar has been damaged.

**ANSWER:**  FILI denies the allegations in Paragraph 23.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Counter-Plaintiff Majmudar fails to state a claim, in whole or in part, upon which relief can be granted.

### Second Affirmative Defense

To the extent Counter-Plaintiff Majmudar was involved in the alleged scheme to feign Ari Squire's death or is alleged to have conspired with Ari Squire to receive the benefits or proceeds under the Policy in furtherance of the scheme to defraud FILI, her claims are barred by Illinois law.

### Third Affirmative Defense

Counter-Plaintiff Majmudar's claim under the Policy is contingent on the disqualification of one or both of the primary beneficiaries, Denise Squire and Joseph Vaccaro. No judicial determination has been  made regarding the disqualification of either primary beneficiary. As such, FILI does not have any current obligation to Majmudar.

### Fourth Affirmative Defense

As part of its request for declaratory relief, FILI has requested that the Court determine whether the Policy and/or the 2006 Policy beneficiary designation endorsement are voided to the extent either or both were procured with the intent to commit fraud on FILI. If the court concludes that either the Policy or the 2006 Policy beneficiary designation were procured with the intent to commit insurance fraud, the Policy and/or beneficiary designation are voided *ab initio* under Illinois law.

Dated: June 16, 2010                          LOCKE LORD BISSELL & LIDDELL LLP

                                              By:  ___/s/  Mark A. Deptula_____
                                                   Attorneys For Plaintiff,
                                                   FIDELITY INVESTMENTS LIFE
Jennifer A. Kenedy                                 INSURANCE COMPANY
Mark A. Deptula
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL  60606
312-443-0700

## Certificate Of Service

I, Mark A. Deptula, an attorney, certify that on June 16, 2010, I caused a true and correct copy of **FILI'S ANSWER TO DEFENDANT SHANA MAJMUDAR COUNTERCLAIM TO FILI'S FIRST AMENDED COMPLAINT** to be served on All Counsel of Record via the ECF system, except service on Michael R. Graf, Michael R. Graf PC, 750 West Northwest Highway, Arlington Heights, IL 60004 was made via U.S. Mail.

                                                   _____/s/  Mark A. Deptula_____