IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY INVESTMENTS LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff/Counter-Defendant | ) ) |
| v. | ) No. 09 C 2704 ) |
| DENISE SQUIRE, et al., | ) ) |
| Defendants/Counter-Plaintiffs. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff/Counter-Defendant Fidelity Investment Life Insurance Company's (FILI) motion to dismiss Defendant/Counter-Plaintiff Donna Fiorito's (FioRito), Defendant/Counter-Plaintiff Estate of Justin Newman's (Newman's Estate), Defendant/Counter-Plaintiff Frank Testa, III's (Testa) (collectively referred to as the "Newman Family"), and Defendant/Counter-Plaintiff Joseph Vaccaro's (Vaccaro) counterclaims for vexatious and unreasonable delay in violation of 215 ILCS 5/155. For the reasons stated below, we grant FILI's motion to dismiss the Newman Family's and Vaccaro's counterclaims.

1

**BACKGROUND**

In August 1999, FILI issued a life insurance policy (Policy) that insured Ari Squire and provided a death benefit of $5,000,000. Over the next several years, Ari Squire allegedly incurred substantial debt. On January 18, 2006, Ari Squire allegedly wrote a letter to his wife, Defendant Denise Squire and instructed Denise Squire to open the letter upon Ari Squire's death. The letter allegedly referenced the Policy and $1,000,000 that would later be assigned to Vaccaro under the Policy. The letter also allegedly provided instructions to Denise Squire with respect to her proceeds from the Policy. Specifically, the letter allegedly stated "'[d]on't put the money into one of our accounts, make sure it is in your name only, call [our accountant] and ask for his help on how to protect it from the case (i.e. make sure it is not in my estate).'" (A. Compl. Par. 62). In addition, the letter allegedly indicated that "a $450,000 obligation was due to Diesel Capital Ventures, Brian Wegner, on February 22, 2008" and that "Denise [Squire] would be left with 'roughly $3.5 mill . . . to live freely'" after paying the debt. (A. Compl. Par. 62).

On December 20, 2006, Ari Squire allegedly executed a Beneficiary Change Form, designating Denise Squire as a primary beneficiary of 80% of the death benefit ($4,000,000) and Vaccaro as a primary beneficiary of 20% of the death benefit ($1,000,000). On the Beneficiary Change Form, Ari Squire also allegedly

designated his sister, Defendant/Counter-Plaintiff Shana Majmudar (Majmudar), as the secondary beneficiary of 100% of the death benefit.  On February 23, 2008, Ari Squire allegedly murdered Justin Newman (Newman) in an attempt to fake his own death and thereby obtain the proceeds of the Policy.  After the alleged killing of Newman, Ari Squire fled to Missouri.  On March 2, 2008, Ari Squire shot and killed himself when several police officers came to the hotel room where he was staying to investigate the presence of Newman's car in the parking lot.

Shortly after Ari Squire's suicide, Denise Squire submitted a claim for benefits under the Policy, and FILI began an investigation of the claim.  During FILI's investigation of the claim, FILI learned that on March 8, 2008, FioRito, who is Newman's mother, on her own behalf and as administrator of Newman's Estate, and Testa, who is Newman's brother, filed a civil complaint against Denise Squire, alleging that Denise Squire conspired with Ari Squire to kill Newman and commit insurance fraud (Newman Litigation).  FILI also learned during its investigation of Denise Squire's claim that various local and national media reports had linked Denise Squire to Newman's murder and the alleged insurance fraud.

On June 17, 2009, Vaccaro submitted a claim under the Policy.  During FILI's investigation of Vaccaro's claim under the Policy, FILI learned that a witness in the Newman Litigation allegedly provided "sworn deposition testimony implicating

Vaccaro in the insurance fraud scheme." (A. Compl. Par. 33). The Newman Litigation proceeded to trial and, on February 25, 2010, a jury "rendered a verdict against [Denise] Squire and awarded damages of $6 million in favor of FioRito and Testa based on [Denise] Squire's involvement in the conspiracy." (A. Compl. Par. 25). Since that time, FILI has learned that Newman's Estate also filed a wrongful death lawsuit against Vacarro, alleging that Vacarro was involved in the Squires' conspiracy to defraud FILI. In addition, FILI alleges that the criminal investigation related to Newman's death remains ongoing.

Denise Squire and Vaccaro have each made demands upon FILI for benefits under the Policy and have each allegedly agreed to assign a portion of their rights under the Policy to the Newman Family. As of this date, FILI has not paid any portion of the proceeds of the Policy to any party.

FILI includes in its second amended complaint (DE 77) a request for a declaratory judgment regarding Denise Squire's rights under the Policy brought pursuant to the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201 *et seq.*, (Count I), a request for a declaratory judgment regarding Vaccaro's rights under the Policy brought pursuant to the DJA (Count II), and a request for a declaratory judgment regarding Denise Squire's, Vaccaro's, Majmudar's, FioRito's, and Testa's rights under the Policy brought pursuant to the DJA (Count III). In the alternative,

4

pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335 *et seq.*, FILI has requested that the court retain the proceeds of the Policy while Defendants' competing claims under the Policy are adjudicated, and thereby discharge and release FILI of all further liability under the Policy (Count IV). In the alternative, FILI has requested a declaratory judgment regarding the validity of the Policy and the Beneficiary Change Form (Count V).

The Newman Family includes in its counterclaims against FILI a request for a declaratory judgment regarding the Newman Family's, Squire's, and Vaccaro's rights under the Policy (Newman CC Count I) and a claim for vexatious and unreasonable delay in violation of 215 ILCS 5/155 (Newman CC Count II). Vaccaro includes in his counterclaim against FILI a request for declaratory judgment regarding Vaccaro's rights under the Policy (Vaccaro CC Count I) and a claim for vexatious and unreasonable delay in violation of 215 ILCS 5/155 (Vaccaro CC Count II). FILI has moved to dismiss the Newman Family's and Vaccaro's counterclaims for vexatious and unreasonable delay in violation of 215 ILCS 5/155.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations

contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has stated that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

The Newman Family and Vaccaro argue that the court should deny FILI's motion to dismiss their counterclaims for vexatious and unreasonable delay because the law is clear that Denise Squire and Vaccaro should be paid under the terms of the Policy. The Newman Family and Vaccaro also contend that FILI's alternative

6

request for a declaratory judgment related to the validity of the Policy or the Beneficiary Change Form indicates that FILI's conduct is vexatiously and unreasonably dilatory. Pursuant to 215 ILCS 5/155,

> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and *it appears to the court that such action or delay is vexatious and unreasonable*, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts: (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs; (b) $60,000; (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155 (emphasis added). In view of the unique circumstances of this case and the various alleged plots, it was not unreasonable for FILI to file the instant action for declaratory judgment, believing that the beneficiaries under the Policy could be held responsible for the death of Ari Squire or, in the alternative, that the Policy or Beneficiary Change Form may be void. Denise Squire and Vaccaro have both been implicated in the various plots. Thus, it does not appear to the court that FILI's conduct relating to payment under the Policy or legal arguments in support of their position have been vexatious or unreasonable. FILI was entitled to have an appropriate determination made as to the rightful beneficiaries under the Policy given the unique circumstances of this case.

7

The Newman Family and Vaccaro also argue that the record indicates that FILI manufactured the dispute about who should be paid under the Policy solely for the purpose of delaying payment under the Policy. In support of their argument, the Newman Family and Vaccaro point out that at the time FILI filed the instant action for declaratory relief, only Denise Squire had filed a claim to recover proceeds under the Policy. The Newman Family and Vaccaro reason that if there were no competing claims under the Policy, there was no dispute, and have requested leave to file amended counterclaims that include facts relating to when each claim was made under the Policy. However, the Newman Family and Vaccaro have provided no case law suggesting that for a dispute to exist, multiple beneficiaries must submit competing claims under an insurance policy. Furthermore, because there were multiple beneficiaries and a secondary beneficiary named under the Policy, it would have been reasonable for FILI to believe there might be competing claims under the Policy at some future time based on the specific and unique facts of this case. Thus, even if the Newman Family and Vacarro were permitted to add facts to their counterclaims indicating the dates Vacarro and Majmudar submitted claims under the Policy, the Newman Family's and Vaccaro's counterclaims for vexatious and unreasonable delay would fail. Therefore, we deny the Newman Family's and Vaccaro's request for leave to amend their counterclaims. *See, e.g., Crestview*

*Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 558 (7th Cir. 2004)(explaining that "a 'court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss'")(quoting *Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991)). Based upon the above, we grant FILI's motion to dismiss the Newman Family's and Vaccaro's counterclaims for vexatious and unreasonable delay in violation of 215 ILCS 5/155.

## CONCLUSION

Based on the foregoing analysis, we grant FILI's motion to dismiss the Newman Family's and Vaccaro's counterclaims for vexatious and unreasonable delay in violation of 215 ILCS 5/155.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 18, 2010