IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIDELITY INVESTMENTS LIFE )
INSURANCE COMPANY, )
 )
    Plaintiff )
 )
    v. )   No. 09 C 2704
 )
DENISE SQUIRE, et al., )
 )
    Defendants )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' cross motions for summary judgment. This matter is also before the court on Defendant Denise Squire's, Defendant Joe Vaccaro's (Vaccaro), and Defendant Estate of Justin Newman's (Newman Estate)(collectively referred to as "Beneficiaries") motion to strike. For the reasons stated below, the court denies the Beneficiaries' motion to strike, the court grants in part and denies in part the Beneficiaries' motion for summary judgment, and the court grants in part and denies in part Plaintiff Fidelity Investments Life Insurance Company's (FILI) motion for summary judgment.

## BACKGROUND

In August 1999, FILI issued a $5,000,000.00 life insurance policy (Policy)

covering Ari Squire.  On December 20, 2006, Ari Squire executed a Beneficiary Change Form, which purportedly designated Denise Squire as a primary beneficiary of 80% of the death benefit ($4,000,000.00), Vaccaro as a primary beneficiary of 20% of the death benefit ($1,000,000.00), and Shana Majmudar (Majmudar), as the secondary beneficiary of 100% of the death benefit.

In an attempt to fake his death and thereby obtain proceeds under the Policy (Proceeds), Ari Squire allegedly murdered Justin Newman (Newman), assumed Newman's identity, and fled to Missouri.  On March 2, 2008, Ari Squire shot and killed himself when several police officers came to his hotel room to investigate the presence of Newman's car in the hotel parking lot.  In August 2008, Denise Squire submitted a claim for benefits under the Policy.  Upon FILI's investigation of the claim, FILI learned that Denise Squire had been implicated in Newman's alleged murder.  On May 4, 2009, FILI filed the instant declaratory judgment action, naming Denise Squire, Vaccaro, and Majmudar as Defendants.

After the Newman Estate prevailed against Denise Squire in a civil jury trial, Denise Squire assigned a significant portion of her rights under the Policy to the Newman Estate.  In settlement of a separate civil lawsuit, Vaccaro also assigned a significant portion of his rights under the Policy to the Newman Estate.  Thus, the Newman Estate became a significant party in interest in the instant action.  Ultimately, all of the parties reached a partial settlement agreement, whereby FILI paid the Proceeds to the Beneficiaries.  However, the parties were unable to reach a resolution regarding how much interest on the Proceeds, if any, FILI was required to pay, given the unique circumstances of this case.  FILI and the Beneficiaries have

each moved for summary judgment on the issue of the payment of interest. The Beneficiaries have also moved to strike FILI's reply brief in support of FILI's motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,*

3

*Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe all inferences in favor of the party against whom the motion under consideration is made." *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 606 (7th Cir. 2007)(internal quotations omitted); *see also Krieg v. Seybold*, 481 F.3d 512, 516 (7th Cir. 2007).

**DISCUSSION**

I. Beneficiaries' Motion to Strike

The Beneficiaries have moved to strike FILI's reply brief in support of FILI's motion for summary judgment, arguing that FILI improperly introduced new arguments in its reply. Motions to strike are generally disfavored because they "potentially serve only to delay." *Heller Financial, Inc. v. Midwhey Powder Co.*, Inc. 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007)(stating that motions to strike "disserve the interest of judicial economy"). In this case, the public policy arguments raised by FILI in its reply brief address certain arguments made by the Beneficiaries in their response brief. In addition, FILI has advanced those same public policy arguments throughout the litigation. The court has considered FILI's arguments, and therefore the

4

Beneficiaries' motion to strike is denied.

II. Cross-Motions for Summary Judgment

In their cross-motions for summary judgment, the parties dispute the amount of interest, if any, that FILI owes on the proceeds of the Policy.

    A.  Date Upon Which Interest Began to Accrue

FILI argues that if it is required to pay interest on the Proceeds, such interest did not begin to accrue until thirty days after November 8, 2010, which was the date upon which the Beneficiaries' and Majmudar's competing claims under the Policy were resolved.  However, it is undisputed that the Policy in effect at the time of Ari Squire's death provides that "[i]nterest will be paid on [any amount to be paid at the death of the Insured] *from the date of death* or maturity. . . ."  (PR SAF Par 3)(emphasis added); (B SAF Ex. C, 13).  It is also undisputed that Ari Squire died on March 2, 2008.  (PR SF Par. 6).  Under Illinois law, "[i]f the terms of [a] contract are unambiguous, the court must enforce the contract as written."  *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 742-43 (7th Cir. 2010).  In the instant action, the terms of the contract are unambiguous, and FILI's arguments that the express terms of the contract should be ignored based on the timing of the Beneficiaries' claims, the procedural history of the instant action, and public policy concerns are unpersuasive.  Further, payment of interest from the date of death is consistent with the provisions of the Illinois Interest Act, 815 ILCS 205/2, which relates to interest owed on any money that becomes due under an "instrument of writing," such as an insurance

5

policy. *Id.*; *See Aulich v. Aetna Life Ins. Co.,* 428 N.E.2d 703, 705 (Ill. App. Ct. 1981)(stating that "[p]rejudgment interest is due upon insurance benefits where . . . the sum due is subject to exact computation even though the insurer has a good faith legal defense"). Therefore, the court finds that interest began to accrue on March 2, 2008, the date upon which Ari Squire died.

B. Date Upon Which Interest Stopped Accruing

The Beneficiaries contend that since FILI has not yet paid the interest required to be paid under the Policy, interest continues to accrue at a rate of 9%. In making their argument, the Beneficiaries rely on 215 ILCS 5/224 (Section 224 of the Illinois Insurance Code), which requires that Illinois life insurance policies include payment of "[i]nterest [that accrues] on the proceeds payable because of the death of the insured, from date of death, at the rate of 9% on the total amount payable. . . ." 215 ILCS 5/224(1)(l). It is undisputed that the Policy indicates that "[i]nterest will be paid on [any amount to be paid at the death of the Insured] . . . [until the] date of payment." (PR SAF Par 3); (B SAF Ex. C, 13). The "amount to be paid at the death of the Insured" was $5,000,000.00, and the insured died on March 2, 2008. FILI paid the amount of $5,000,000.00 on January 12, 2011. (PR SAF Par. 1, 22). Therefore, the court finds that the Beneficiaries were entitled to 9% interest on the $5,000,000.00 from March 2, 2008 until January 12, 2011. Applying the statutory 9% rate to the $5,000,000.00 in Proceeds due under the Policy for the period from March 2, 2008 until January 12, 2011 yields $1,298,219.00 in interest.

If FILI had paid the $1,298,219.00 in interest on January 12, 2011, when FILI paid the $5,000,000.00 in Proceeds due under the Policy, there would not be any further issue to resolve relating to the interest. However, since FILI did not pay the $1,298.219.00 in interest on the Proceeds on January 12, 2011, as of January 12, 2001, FILI owes interest on the $1,298.219.00. Pursuant to the Illinois Interest Act, "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing." 815 ILCS 205/2; *see also Twenhafel v. State Auto Prop. and Cas. Ins. Co.*, 581 F.3d 625, 631 (7th Cir. 2009)(stating that insurance policies are "written instrument[s] covered by the Illinois Interest Act," that "[p]rejudgment interest is appropriate where the sum due or damages are liquidated or subject to an easy determination by calculation or computation," and that "[a]bsent some type of bad, vexatious, or unreasonable conduct prejudgment interest should be awarded at the statutory rate of 5% on written instruments")(citations omitted)(internal quotations omitted); *see also Platinum Technology, Inc. v. Federal Ins. Co.,* 282 F.3d 927, 933 (7th Cir. 2002)(stating that prejudgment interest, whether grounded in a statute or equity, is based on the concept of fairness and is awarded to make the plaintiff whole for the loss of use of money wrongfully withheld). Applying the statutory 5% rate to the $1,298,219.00 in interest due from January 12, 2011 to the present (91 days) yields $16,183.21 in interest. Based on the above, the court finds that the total amount due to the Beneficiaries is $1,314,402.21.

In addition, the court notes that 28 U.S.C. § 1961 provides for post-judgment interest, which is "calculated from the date of the entry of judgment, at a rate equal to

the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C.A. § 1961.

### C. Beneficiaries' Request for Attorneys' Fees and Statutory Penalties

The Beneficiaries contend that, pursuant to 215 ILCS 5/155(1), FILI should pay the attorneys' fees incurred by the Beneficiaries for their efforts to obtain the interest on the Proceeds and an additional $60,000.00 in statutory penalties, arguing that FILI's refusal to pay interest on the Proceeds was vexatious and unreasonable. Under 215 ILCS 5/155, "[i]n any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed . . . (b) $60,000." 215 ILCS 5/155(1). In light of the unique facts and procedural history of this case, and the various arguments raised throughout the proceedings, there is not sufficient evidence that FILI's conduct was vexatious or unreasonable. Therefore, the court declines to award the attorneys' fees or statutory penalties to the Beneficiaries.

### D. FILI's Request for Reduction in Award

FILI contends that any amount of interest owed to the Beneficiaries should be

reduced by $52,704.20, which was the amount FILI spent defending litigation brought by Vaccaro and Denise Squire. However, FILI incurred such costs as "part of its normal course of business." *Aaron v. Mahl*, 550 F 3d. 659, 667 (7th Cir. 2008). Therefore, the court declines to reduce the interest awarded to the Beneficiaries by the amount FILI spent defending against litigation brought by Vaccaro and Denise Squire.

## CONCLUSION

Based on the foregoing analysis, the court denies the Beneficiaries' motion to strike, the court grants in part and denies in part the Beneficiaries' motion for summary judgment, and the court grants in part and denies in part FILI's motion for summary judgment. Accordingly, the Beneficiaries are awarded $1,314,402.21.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 13, 2011